ANNEX CONSTRUCTION, INC v FENECH

Docket No. 118439. Submitted January 8, 1991, at Detroit. Decided
    March 21, 1991; approved for publication September 13, 1991,
    at 9:10 A.M.

    Annex Construction, Inc., brought an action in the Oakland
    Circuit Court against Joseph P. and Gail A. Fenech, seeking
    money allegedly due for work performed pursuant to a residen-
    tial construction contract. The court, Edward Sosnick, J., de-
    nied the defendants' motion for summary disposition, holding
    that while the corporate plaintiff was not a licensed builder,
    the fact that its sole owner was a licensed builder constituted
    substantial compliance with the licensing provision of the
    residential builders act and removed the statutory bar to the
    plaintiff's action. The defendants appealed by leave granted.

    The Court of Appeals *held:*

    The corporate plaintiff and its licensed owner are separate
    entities for the purpose of the licensing provision of the resi-
    dential builders act; because the plaintiff at no relevant time
    was a licensed residential builder within the meaning of the
    act, there was not substantial compliance with the act. The
    plaintiff's action is barred.

    Reversed.

*Walter D. Meyers,* for the plaintiff.

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar,
P.C.* (by *Bruce J. Lazar*), for the defendants.

Before: JANSEN, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendants appeal by leave
granted from a circuit court order denying their
motion for summary disposition. They contend
that the court's denial of the motion was errone-
ous, because the residential builders act[1] prohibits

[1] MCL 339.2401 *et seq.;* MSA 18.425(2401) *et seq.*

plaintiff, an unlicensed residential builder, from maintaining its action for compensation for work performed under a residential construction contract. We reverse.

There is no dispute that at the time plaintiff and defendants entered into the contract for the construction of defendants' home plaintiff was not a licensed builder under the act. Nor did plaintiff ever acquire a license during the performance of the contract. However, plaintiff's president and sole shareholder, Glenn Klocke, was a licensed builder at all relevant times. The trial court, therefore, ruled that plaintiff had substantially complied with the licensing requirements of the act by virtue of the license possessed by Klocke.

We agree with defendants that the trial court erred in denying their motion for summary disposition. The residential builders act specifically bars an unlicensed builder from maintaining an action for compensation on a residential construction contract.[2] Although Klocke was a licensed builder, plaintiff, the party to the contract, was not. Klocke and plaintiff cannot be considered the same entity for licensing purposes under the act. *Bernard F Hoste, Inc v Kortz,* 117 Mich App 448, 451; 324 NW2d 46 (1982).

Moreover, the facts of this case do not support a finding that plaintiff substantially complied with the licensing requirements. The substantial compliance doctrine adopted in *Michigan Roofing & Sheet Metal, Inc v Dufty Road Properties,* 90 Mich App 732, 735-736; 282 NW2d 809 (1979)[3] requires, in part, that the builder possess a valid residential

---

[2] MCL 339.2412; MSA 18.425(2412).

[3] Vacated and remanded 409 Mich 887; 295 NW2d 230 (1980). The substantial compliance doctrine was reaffirmed on remand 100 Mich App 577, 581; 298 NW2d 923 (1980).

builder's license at the time the construction contract is executed. The undisputed facts established that plaintiff did not possess such a license in its own name at any time. Therefore, plaintiff's failure to acquire a valid license during the making and performance of the contract precludes it from maintaining its suit against defendants.

For the reasons expressed above, we conclude that the trial court erroneously denied defendants' motion for summary disposition. Accordingly, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

Reversed and remanded.