Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 1, 2003

ROBERT GLADYCH,

    Plaintiff-Appellee,

v

NEW FAMILY HOMES, INC.,

    Defendant-Appellant.

No. 119948

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, C.J.

This case concerns the proper interpretation of MCL 600.5856, which sets forth the requirements for tolling the statute of limitations. We hold that the unambiguous language of MCL 600.5805 and MCL 600.5856 provides that the mere filing of a complaint is insufficient to toll the statute of limitations. In order to toll the limitations period, one must also comply with the requirements of § 5856. In so holding, we overrule the erroneous interpretation of § 5856 in

*Buscaino v Rhodes*, 385 Mich 474; 189 NW2d 202 (1971), overruled in part on other grounds by *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999). The decision in *Buscaino* ignored the plain language of the statutes and, in so doing, impermissibly limited the operation of § 5856. Upon consideration of the effect our decision would have on the administration of justice, however, we find it appropriate to give our holding limited retroactive application. Therefore, this case will apply retroactively only to those cases in which this specific issue has been raised and preserved. In all other cases, this opinion will apply prospectively, effective September 1, 2003.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleged that he was injured on January 23, 1996, while employed by defendant. Plaintiff filed his complaint on January 22, 1999, one day before the three-year limitations period expired. MCL 600.5805. Plaintiff made three unsuccessful attempts to serve defendant. On April 20, 1999, a second summons was issued because the original summons was due to expire. Plaintiff served defendant on May 4, 1999, within the life of the second summons.

Defendant moved for summary disposition, arguing that the statute of limitations barred plaintiff's claim because plaintiff did not serve defendant or place the summons with an

2

officer for service before the limitations period expired, as required by MCL 600.5856. The circuit court granted defendant's motion, agreeing that plaintiff had not satisfied the requirements of § 5856 and that therefore the limitations period was not tolled.

On appeal, the Court of Appeals reversed:

> Because plaintiff filed this action before the three-year limitations period expired, it was timely filed. *Goniwicha v Harkai*, 393 Mich 255 . . . (1974); Buscaino[*, supra*]. Because the limitations period had not expired before plaintiff filed suit, the tolling provisions of § 5856 were not implicated.[1]

Defendant moved for rehearing, arguing that *Buscaino* should be overruled. The Court denied defendant's motion.[2]

We granted defendant's application for leave to appeal, directing the parties "to include among the questions to be briefed whether *Buscaino*[*, supra*], is consistent with the language of MCL 600.1901 and of MCR 2.101(B) to the effect that a civil action is commenced by filing a complaint with the court."[3]

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to

---

[1]Unpublished memorandum opinion, issued June 5, 2001 (Docket No. 222343).

[2]Unpublished order, entered August 2, 2001 (Docket No. 222343).

[3]467 Mich 856 (2002).

3

grant or deny a motion for summary disposition. *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 59; 631 NW2d 686 (2001). Questions of statutory interpretation are also reviewed de novo. *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 250; 632 NW2d 126 (2001).

### III. DISCUSSION

When interpreting statutes, our obligation is to discern and give effect to the Legislature's intent as expressed in the statutory language. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). If the language is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id.* "Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

MCL 600.5805(1) provides:

> A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

MCL 600.1901 defines "commenced" as the filing of a complaint with the court. Focusing solely on the statutory language, § 5805 simply provides a threshold requirement before the

4

filing of a complaint.  In other words, § 5805 provides that one cannot commence an action unless the complaint is filed within the periods prescribed by that section.

Section 5805 does *not* provide, however, that the statute of limitations somehow becomes irrelevant once the complaint is filed.  In fact, the plain language of the statute extends no further than the filing of the complaint.  If, as concluded in Buscaino, *supra* at 481, the mere filing of a complaint under § 5805 rendered the statute of limitations irrelevant, the provisions of § 5856 that effectuate the tolling would be unnecessary.  It is precisely because § 5805 pertains only to the filing of the complaint that one must then turn to § 5856 to determine the effect of the statute of limitations once the complaint has been filed.  Applying § 5856 to all claims as required by the statutory language gives full effect to both the threshold requirement of § 5805 and the tolling requirements of § 5856.

Section 5856 provides that the statute of limitations is tolled only if (1) the complaint is filed and a copy of the summons and complaint are served on defendant, (2) jurisdiction is otherwise acquired over defendant, (3) the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service (but no longer than ninety days after the summons and

5

complaint are received by the officer), or (4) if, during the applicable notice period under MCL 600.2912b, a claim would be barred by the statute of limitations, but only for the number of days equal to that in the applicable notice period after notice is given in compliance with § 2912b.

In other words, if one does not perform any actions specified by § 5856, the statute of limitations is not tolled and therefore the period of limitations continues to run after the complaint has been filed. If the period of limitations somehow "stopped" at the filing of the complaint, as concluded in *Buscaino*, there would be no need to specify tolling requirements. *Buscaino* attempted to retain some meaning in § 5856 by limiting its application to situations in which a prior suit was not adjudicated on the merits, but nothing in the plain language of § 5856 indicates that the statute should be limited in such a manner. Rather, the statute provides, without exception, that "statutes of limitations or repose are tolled" when one of the four enumerated actions take place. It follows logically, then, that if one of the four enumerated actions does not occur, the statutes of limitations or repose are *not* tolled. Nothing in the statutory language permits limiting § 5856 to actions in which a prior suit was not adjudicated on the merits.

The inherent flaw in the *Buscaino* analysis lies in the

6

fact that *Buscaino* was not concerned with the plain language of the statute. Rather, the Court in *Buscaino,* operating under the erroneous belief that statutes of limitations were merely "procedural" in nature, was concerned with avoiding an apparent conflict between GCR 1963, 101, which provided that "[a] civil action is commenced by filing a complaint with the court" and the requirements of § 5856. *Buscaino*, *supra* at 480-481. In order to avoid a conflict between the court rule and the statute, the Court adopted a strained, limited interpretation of § 5856.

This Court has since clarified the distinction between statutes regarding matters of "practice and procedure" and those regarding substantive law in *McDougall, supra*. If the statute concerns a matter that is purely procedural and pertains only to the administration of the courts, the court rule would control. *Id.* at 26-27. If, however, the statute concerns a "'principle of public policy, having as its basis something other than court administration . . . the [court] rule should yield.'" *Id.* at 31, quoting Joiner & Miller, *Rules of practice and procedure: A study of judicial rule making*, 55 Mich L R 623, 635 (1957).

Statutes regarding periods of limitations are substantive in nature. In *Nielsen v Barnett*, 440 Mich 1, 8-9; 485 NW2d 666 (1992), this Court noted the various policies underlying

7

statutes of limitations:

> By enacting a statute of limitations, the Legislature determines the reasonable period of time given to a plaintiff to pursue a claim. The policy reasons behind statutes of limitations include: the prompt recovery of damages, penalizing plaintiffs who are not industrious in pursuing claims, security against stale demands, relieving defendants' fear of litigation, prevention of fraudulent claims, and a remedy for general inconveniences resulting from delay. . . . [Citations omitted.]

Therefore, after *McDougall*, it is clear that, to the extent § 5856 enacts additional requirements regarding the tolling of the statute of limitations, the statute would supersede the court rule. There is no reason to continue to adhere to *Buscaino*'s tortured reading of § 5856 that contradicts the statute's plain and unambiguous language.

Further, it should be noted that although the Court in *Buscaino* relied in part on the Committee Comment to § 5856, it failed to consider the entire comment.[4] In *Buscaino*, after

---

[4]We note that the Court in *Buscaino* erred in relying on the Committee Comment without first finding the statutory language ambiguous. It would be proper, however, to turn to the Committee Comment if the statutory language were ambiguous. Although the committee comments lack the force of law, they may be useful interpretive aids. See *Shurlow v Bonthuis*, 456 Mich 730, 735 n 7; 576 NW2d 159 (1998); *In re McKim Estate*, 238 Mich App 453, 460 n 5; 606 NW2d 30 (1999). Section 5856 was part of extensive proposals drafted by the Joint Committee on Michigan Procedural Revision, not unlike model acts such as the Uniform Commercial Code, and eventually adopted by the Legislature. When it considered the committee's proposal, the Legislature had the benefit of the explanatory comments by the draftsmen. Indeed, the committee's proposal was adopted verbatim as § 5856. State

holding that § 5856 dealt only with prior lawsuits between the

parties that were not adjudicated on the merits, the Court

stated:

> Even the Committee Comment recognizes this function of MCLA § 600.5856 . . . . The Committee Comment reads:

> "In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled. Subsections (1) and (2)." [*Buscaino*, *supra* at 482-483.]

The Court in *Buscaino* failed to clarify, however, that

this was only the final paragraph of the Committee Comment.

Viewed as a whole, the Committee Comment completely

contradicts the Court's holding in *Buscaino*:

> Section [600.5856] is designed to avoid the problems which have commonly arisen in those jurisdictions lacking such a section, as to precisely at what point the statutes of limitation are tolled. The question of whether mere filing of the complaint constituted commencement of an action to stop the running of the statutes of limitation was presented to the Federal Advisory Committee on Rules in their preliminary meetings in 1937, but was left unanswered. Consequently many difficult

---

Bar of Michigan, *Final Report: Joint Committee on Michigan Procedural Revision*, ch 41.28, pp 318-319 (1960). Therefore, because the comments informed the Legislature's decision to adopt the committee's proposal, they would be useful interpretive aids if the statutory language were ambiguous. See *Miller v State Farm Mut Automobile Ins Co*, 410 Mich 538, 559; 302 NW2d 537 (1981).

problems of interpretation arose in federal courts, with various results. One court held that the mere filing of the complaint was sufficient to toll the statute of limitations. *Bomar v Keyes*, 162 F2d 136 [(CA 2, 1947)]. On the other hand, it has been held that an action is commenced by the filing of the complaint so long as process is issued in due course with intent that it be served. *Jacobson v Coon*, 165 F2d 565 [(CA 6, 1948)].

As yet the United States Supreme Court has not directly passed on the question insofar as it relates to federal questions. The court has held that local law will govern diversity cases on this matter. Existing Michigan law as stated in *Korby v Sosnowski*, 339 Mich 705[; 64 NW2d 683 (1953)], holds that an action at law for damages is commenced when the summons is in good faith placed in the hands of an officer for service although service is not actually made until after expiration of the statutes of limitation. It is submitted that permitting the determination of when an action is commenced as to toll the statutes of limitations ought not to depend on a particular court's interpretation of such tenuous words and phrases as "intent," "due course," "reasonable diligence," etc. Therefore, the instant section has been included in the statute of limitations in order that the question might be definitely settled without resort to case law.

The mere act of filing a complaint should not toll the statute, as a matter of policy. The section does not accept the theory of the case as cited above. It is unrealistic to argue that defendants are put on notice of a lawsuit merely because a public court record exists to that effect. The defendant has a vital interest in being informed of the pendency of an action against him. Thus we have sought to enable a plaintiff to avoid the bar of a statute of limitation by taking the proper steps of establishing a court record (filing the complaint) and complying with the requirements of a method reasonably calculated to give a defendant notice. At the same time, we have required the plaintiff to prosecute his action diligently by the imposition of a maximum tolling period. The rights of both parties are thus

10

protected. The plaintiff has the option of using some other method of getting jurisdiction over the defendant. And, if he does use some other method of getting jurisdiction over the defendant, the period of limitation will be tolled at the time jurisdiction over the defendant is accomplished.

The section does not constitute any radical departure from presently accepted principles, but it prescribes a definite procedure to be utilized wherein counsel are informed of the necessary steps which will guarantee the tolling of the statute of limitation. The adoption of this section will greatly increase predictability.

Under subsection (1) the statutes of limitations are tolled when the complaint is filed and a copy of the summons and complaint are served on the defendant. Under subsection (2) the statutes of limitations are tolled when jurisdiction over the defendant is obtained by some other method. The statutes of limitations are also tolled when the complaint is filed and a copy of the summons and complaint are in good faith placed in the hands of an officer for service as per subsection (3). Thus a plaintiff need not actually have secured the accomplishment of service or have otherwise obtained jurisdiction over the defendant in order to preserve his cause of action. It should be noted, however, that under subsection (3) the statutes are tolled for a maximum period of ninety days. The statute again begins to run when the 90-day period has expired, and may not be tolled again until the service is made or jurisdiction over the defendant is obtained by some other method. It should also be noted that in order to secure the benefits of subsection (3), a copy of the summons and complaint must be placed in the hands of an "officer," and not just any person of suitable age and discretion.

In summary, a method has been provided whereby a plaintiff, by taking the proper steps, can toll the statute of limitation on his cause of action for a maximum period of ninety days. The establishment of a maximum toll period should eliminate the litigation-provoking questions as to whether or not a plaintiff "intended" to

11

"diligently prosecute" his suit, as bearing on the issue of how long the statute could be tolled by placing a copy of the summons and complaint in good faith in the hands of an officer for service.

Example: Suppose a two year statute of limitation. P files a complaint one year and eleven months after the cause of action arose. On the same day a copy of the summons and complaint are in good faith placed in the hands of an officer for service. Actual service is made 100 days later. Can D plead the two-year statute as a bar to the action?

No—the statute was tolled for 90 days when P filed a complaint and in good faith placed a copy of the summons and complaint in the hands of an officer for service. At the end of the 90-day period, the statute again started to run—at this point P still had 30 days in which service could be made (the two-year statute minus one year and eleven months) and service was actually made on the tenth of these 30 days left. If the service had been made 121 days after the filing of the complaint D could have pleaded the statute of limitations as a bar to the action.

In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled. Subsections (1) and (2).

In sum, the interpretation of § 5856 adopted in *Buscaino* is contrary to the plain language of the statute and should be repudiated.  Section 5805, by its very terms, creates only a threshold requirement to the filing of the complaint.  Nowhere in the statute does it provide that, once the complaint is filed, the statute of limitations becomes irrelevant and

12

tolling immaterial.  Rather, one must then turn to § 5856, which provides the specific requirements for tolling the statute of limitations.  If those requirements are not met, the period of limitations continues to run.  Nothing in the statutory language of either § 5805 or § 5856 permits limiting § 5856 to claims in which prior actions were not adjudicated on the merits.[5]  Therefore, we overrule *Buscaino* and clarify that one must satisfy the requirements of § 5856 in order to toll the limitations period.

### IV.  APPLICATION

In overruling *Buscaino*, we are mindful of the effect our decision may have.  We recently addressed the application of decisions overruling prior precedent in *Pohutski*, *supra* at 695-696:

> As this Court noted in *Placek v Sterling Heights*, 405 Mich 638, 665; 275 NW2d 511 (1979), quoting *Williams* [*v Detroit*, 364 Mich 231, 265-266; 111 NW2d 1 (1961)]:

> "This Court has overruled prior precedent many times in the past. In each such instance the Court must take into account the total situation confronting it and seek a just and realistic solution of the problems occasioned by the change."

> * * *

> Although the general rule is that judicial decisions are given full retroactive effect, *Hyde v*

---

[5]We further note that nothing in the text of MCR 2.101 permits limiting § 5856 to claims in which prior actions were not adjudicated on the merits.

13

> *Univ of Michigan Bd of Regents*, 426 Mich 223, 240;
> 393 NW2d 847 (1986), a more flexible approach is
> warranted where injustice might result from full
> retroactivity. *Lindsey v Harper Hosp*, 455 Mich 56,
> 68; 564 NW2d 861 (1997).

Although this opinion gives effect to the intent of the Legislature that may be reasonably inferred from the unambiguous text of § 5856, practically speaking our holding is akin to the announcement of a new rule of law, given the erroneous interpretation set forth in *Buscaino.*

Further, there has been extensive reliance on *Buscaino*'s interpretation of § 5856. Parties have undoubtedly relied on *Buscaino*'s erroneous interpretation when calculating filing deadlines regarding limitations periods, and courts have relied on *Buscaino*'s erroneous interpretation when ruling on motions regardings limitations periods. In light of the extensive reliance on *Buscaino*, limited retroactive application minimizes the effect of this decision on the administration of justice.[6]

---

[6]We note that the equities in this case differ from those in *Pohutski, supra*, which applied prospectively only. In *Pohutski*, the Legislature had passed 2001 PA 222 providing a remedy for damages or physical injuries caused by a sewage disposal system event. 2001 PA 222 did not apply retroactively. Therefore, we held that prospective application was appropriate because, otherwise, plaintiffs in pending cases would have been part of a discrete class of litigants denied relief, as those who came before received relief under *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988), and those who came after would receive relief under the statute. This case, however, does not present this unique situation, as there is no statute taking

14

Accordingly, this decision will be given limited retroactive application, applying only to cases in which this specific issue has been raised and preserved. *People v Cornell*, 466 Mich 335, 367; 646 NW2d 127 (2002); *Lowe v Estate Motors, Ltd*, 428 Mich 439, 475; 410 NW2d 706 (1987). In all other cases, this decision will have prospective application, effective September 1, 2003.

In this case, although plaintiff satisfied the threshold requirement of § 5805 by filing the complaint before the period of limitations expired, plaintiff did not immediately complete any of the actions required by § 5856 to toll the statute of limitations. Therefore, the period of limitations continued to run and expired on January 23, 1999, well before plaintiff served defendant on May 4, 1999.

## V. CONCLUSION

We hold that the unambiguous language of §§ 5805 and 5856 provides that the filing of a complaint alone does not toll the running of the limitations period. In addition to filing the complaint, one must also comply with the requirements of § 5856 in order to toll the limitations period. In so

---

effect at some point in the future codifying *Buscaino*. Although prior litigants have proceeded under *Buscaino*'s flawed interpretation, *all subsequent litigants* (after the effective date of this opinion) will be governed by this case. Therefore, the extreme measure of pure prospective application is unnecessary and inappropriate because there is no discrete class of litigants who would be denied relief.

15

holding, we overrule our prior interpretation of § 5856 in *Buscaino*. After considering the effect of this decision on the administration of justice, however, we hold that this decision is given limited retroactive application, applying only to those cases in which this specific issue has been raised and preserved. In all other cases, the decision is given prospective application, effective September 1, 2003. Therefore, we reverse the judgment of the Court of Appeals and reinstate the circuit court's grant of summary disposition for defendant.

Maura D. Corrigan
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

16

# STATE OF MICHIGAN

## SUPREME COURT

ROBERT GLADYCH,

    Plaintiff-Appellee,

v                                 No. 119948

NEW FAMILY HOMES, INC.,

    Defendant-Appellant.

_____

WEAVER, J. *(concurring in part and dissenting in part)*.

I agree with the majority's interpretation of MCL 600.5856, and its decision to overrule the erroneous interpretation of this statute articulated in *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). However, in fairness to the plaintiff in the present case, I would give the decision prospective application only and allow the plaintiff to rely on *Buscaino*.

                           Elizabeth A. Weaver
                           Michael F. Cavanagh
                           Marilyn Kelly