668 N.W.2d 357 (2003)
Gwendolyn COLLINS, Plaintiff-Appellant,
v.
COMERICA BANK, a Michigan Corporation and Cathy Masalskis, an individual, jointly and severally, Defendants-Appellees.
Docket No. 121563, COA No. 227834.
Supreme Court of Michigan.
September 12, 2003.
In this cause, a motion for rehearing is considered and it is DENIED. In order to avoid any potential misunderstanding regarding our limited retroactive holding in Gladych v. New Family Homes, Inc., 468 Mich. 594, 664 N.W.2d 705 (2003), we note that Gladych applies retroactively only to cases in which the specific issue in Gladych was raised or preserved before Gladych was released on July 1, 2003. The specific issue addressed in Gladych was the requirement that tolling of the relevant statute of limitations can only be accomplished by complying with the provisions of M.C.L. § 600.5856, which include service of process on the defendant prior to the expiration of the period of limitation. Only pending cases that preserved this particular statute of limitations challenge as of July 1, 2003 are covered by the limited retroactive application of our holding in Gladych. In all other cases, Gladych has prospective application only to complaints filed on or after September 1, 2003. Because defendant failed to preserve this specific issue as of July 1, 2003, Gladych has no retroactive application to the present case.
WEAVER, J., states as follows:
I concur in the order denying the motion for rehearing. As I said in my partial concurrence and partial dissent in Gladych v. New Family Homes, Inc., 468 Mich. 594, 664 N.W.2d 705 (2003), I would give the Gladych decision prospective application only.
MARILYN J. KELLY, J., joins in the statement of WEAVER, J.