EDGEWOOD DEVELOPMENT, INC v LANDSKROENER

Docket No. 245826. Submitted April 13, 2004, at Lansing. Decided May 20, 2004, at 9:15 A.M. Leave to appeal sought.

Edgewood Development, Inc., and Joseph A. Colyer brought an action in the Livingston Circuit Court against Timothy and Sheryl Landskroener, seeking recovery of the balance owed for the construction of the defendants' home. The defendants filed a counterclaim and moved for summary disposition under MCR 2.116(C)(5) on their counterclaim. The defendants asserted that the plaintiffs were precluded from bringing the action because plaintiff Edgewood had not received its residential builder's license at the time the contract for construction was signed, as required by the residential builders act, MCL 339.2412(1). The circuit court, Daniel A. Burress, J., granted the defendants' motion for summary disposition. The plaintiffs' motion for reconsideration was denied, and the plaintiffs appealed by leave granted.

The Court of Appeals *held*:

The circuit court erred when it determined that MCL 339.2412(1) barred the plaintiffs' claims. Plaintiff Coyler had passed the Michigan residential builders licensing examination and, as the qualifying officer, filed paperwork on behalf of plaintiff Edgewood to obtain a residential builder's license before entering the contract with the defendants. Edgewood received its license a week after signing the contract with the defendants. Focusing specifically on language in subsection 1 requiring that a person be licensed "during the performance of the act or contract," this language was a significant change from language in the previous statute, MCL 338.1516, which had required that a person be duly licensed at all times during the performance of the act or contract. The fact that the phrase "at all times" has been removed from the statute language evinces the Legislature's intent to allow a residential builder who becomes licensed during the performance of the contract to bring an action for collection of compensation for the performance of the contract.

Reversed and remanded.

LICENSES — RESIDENTIAL BUILDERS — ACTIONS ON CONSTRUCTION CONTRACTS —
  CAPACITY TO SUE.

  A residential builder that signs a contract to construct a home before
  actually receiving a valid residential builder's license can maintain
  an action to recover compensation owed on the contract provided
  that the builder becomes licensed during the performance of the
  contract (MCL 339.2412[1]).

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.
(by Bruce J. Lazar and Mark S. Frankel), and Jay R.
Drick* for the plaintiff.

*Joseph F. Regnier* for the defendants.

Before: BANDSTRA, P.J., and SAWYER and FITZGERALD,
JJ.

FITZGERALD, J. This action arises from a contract to
build a house. Plaintiffs appeal by delayed leave granted
from the order granting partial summary disposition in
favor of defendants pursuant to MCR 2.116(C)(5) on the
ground that MCL 339.2412(1) of the Michigan residen-
tial builders act, MCL 339.2401 *et seq.,* barred plaintiffs
from bringing suit to recover compensation because
plaintiff Edgewood Development, Inc., was unlicensed
at the time the contract was signed. We reverse and
remand.

Plaintiff Joseph S. Colyer, the sole shareholder and
president of plaintiff Edgewood Development, Inc.,
passed the Michigan residential builders licensing ex-
amination in November 2000. On February 28, 2001,
Colyer, as Edgewood's "qualifying officer," filed the
necessary paperwork with the state for Edgewood to
obtain a residential builder's license. Edgewood re-
ceived its builders license on May 23, 2001.

Before Edgewood received its builders license, it
contracted with defendants on March 16, 2001, for the

purchase of a parcel of undeveloped land and for the construction of a residence on this property. The total price of the land and residence was $234,000, with $70,000 of this amount reflecting the price of the land. Under the terms of the contract, construction was to be completed by August 31, 2001, or four months from the date of the start of the construction. Edgewood had a perk test done on the lot, removed trees, graded the lot, and added a driveway before Edgewood received its builder's license.

On June 15, 2001, a building permit was issued to Edgewood. On July 23, 2001, the parties closed on the land sale and Edgewood began construction of defendants' home. Construction was completed and a certificate of occupancy was issued on December 20, 2001.

On June 10, 2002, plaintiffs commenced this suit to collect the $32,130 balance owed under the contract. In counts I and II, plaintiffs claimed that defendants breached the contract by failing to pay the balance owed under the contract and were unjustly enriched. In Count III, plaintiffs alleged that they were entitled to foreclose on their construction lien.[1] Defendants filed a counterclaim and moved for summary disposition pursuant to MCR 2.116(C)(5) on their counterclaim. In their motion, defendants asserted that plaintiffs lacked the capacity to sue for compensation because MCL 339.2412(1) required Edgewood to have a valid residential builder's license at the time the contract was signed. Defendants also asserted that the construction lien should be removed for the same reason.

---

[1] In count IV of the complaint, plaintiffs alleged that defendants "erected a fence and gate obstructing Plaintiff's use of a common driveway/easement on the parcel owned by Defendants with an adjoining parcel owned by Plaintiffs" in an effort to obstruct plaintiffs' sale of the adjoining parcel of land.

The trial court entertained arguments on the motion and granted defendants' request to remove the construction lien on the ground that Edgewood failed to comply with MCL 570.1114 of the Construction Lien Act, MCL 570.1101 *et seq.*, by not including the license number on the contract. The trial court also granted defendants' motion for summary disposition of counts I to III, finding that Edgewood was not licensed at the time the contract was signed by the parties and therefore lacked the capacity to sue under the contract.[2] Plaintiffs' motion for reconsideration was denied.

Plaintiffs argue that the trial court's determination that MCL 339.2412(1) required Edgewood to have a residential builders license at the time the contract was signed in order to bring suit against defendants was erroneous. In reviewing a trial court's ruling on a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court reviews the entire record to determine whether the moving party was entitled to judgment as a matter of law. *Franklin Historic Dist Study Comm v Village of Franklin,* 241 Mich App 184, 187; 614 NW2d 703 (2000). Statutory interpretation is a question of law that is also reviewed de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998).

MCL 339.2412(1) provides:

> A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not bring or main

---

[2] The trial court did not dismiss count IV of plaintiffs' complaint regarding defendants' interference with plaintiffs' attempts to sell a parcel of property adjoining defendants' property.

tain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.

At issue in this case is the meaning of the phrase "during the performance of the act or contract." This issue presents a question of first impression.[3]

---

[3] Defendants' representation that *Annex Constr, Inc v Fenech*, 191 Mich App 219; 477 NW2d 103 (1991), dispositively controls the resolution of this case is misplaced because *Annex* does not address the question presented in this case. In *Annex,* which arose out of the trial court's refusal to grant summary disposition based on MCL 339.2412, the factual predicate was as follows:

> There is no dispute that at the time plaintiff and defendants entered into the contract for the construction of defendants' home plaintiff was not a licensed builder under the act. Nor did plaintiff ever acquire a license during the performance of the contract. However, plaintiff's president and sole shareholder, Glenn Klocke, was a licensed builder at all relevant times. The trial court, therefore, ruled that plaintiff had substantially complied with the licensing requirements of the act by virtue of the license possessed by Klocke. [*Annex, supra* at 220.]

After this Court concluded that Klocke and the plaintiff corporation could not be considered the same entity for licensing purposes under the residential builders act, the Court addressed and rejected a claim that the plaintiff had substantially complied with the licensing requirements, explaining:

> Moreover, the facts of this case do not support a finding that plaintiff substantially complied with the licensing requirements. The substantial compliance doctrine adopted in *Michigan Roofing & Sheet Metal, Inc v Dufty Road Properties*, 90 Mich App 732, 735-736; 282 NW2d 809 (1979) [,] requires, in part, that the builder possess a valid residential builder's license at the time the construction contract is executed. The undisputed facts established that plaintiff did not possess such a license in its own name at any time. Therefore, plaintiff's failure to acquire a valid license during the making and performance of the contract precludes it from maintaining its suit against defendants. [*Annex, supra* at 220-221.]

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc,* 468 Mich 594, 597; 664 NW2d 705 (2003). The Legislature is presumed to intend the meaning it plainly expressed. *Guardian Photo, Inc v Dep't of Treasury,* 243 Mich App 270, 276-277; 621 NW2d 233 (2000). "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys,* 465 Mich 53, 60; 631 NW2d 686 (2001). But when the language of the statute is clear and unambiguous, judicial construction is neither required nor permitted. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998).

The clear and unambiguous language of the statute imposes no requirement that a residential builder be licensed at the time the contract is signed in order to bring or maintain an action in a court of this state for the collection of compensation for the performance of the contract and, therefore, one may not legitimately append this requirement to the statute. In other words, because the statute does not require a residential builder to allege and prove that the builder was licensed at the time the contract was signed, neither may the courts.

Our conclusion is strengthened by the history of the language set forth in the statute. A change in the

There is nothing in the language quoted above that construes the statutory phrase "was licensed . . . during the performance of the act or contract." To the extent that above-quoted language can be construed as ruling that the builder has to be licensed at the time the contract is entered into, the ruling was made in the context of the requirements of the substantial compliance doctrine, a doctrine not at issue here.

statutory language is presumed to reflect a change in the meaning of the statute. *Eaton Farm Bureau v Eaton Twp,* 221 Mich App 663, 668; 561 NW2d 884 (1997), *(On Remand)*, 231 Mich App 622; 588 NW2d 142 (1998). Before 1980, pursuant to 1965 PA 383, MCL 338.1516[4] required a residential builder to allege and prove that he was duly licensed *at all times* during the performance of the act or contract. Therefore, at one time, the trial court's construction of the statute would have been accurate because the unambiguous language of the statute would have required such a construction. However, pursuant to 1980 PA 299, the language requiring a residential builder to allege and prove that he was licensed *at all times* was deleted and no longer appeared in the statute. By deleting the language "at all times," the Legislature evinced its intent to allow a residential builder who becomes licensed during the performance of the act or contract to bring an action in a court of this state for the collection of compensation for the performance of the act or contract. Because Edgewood held a builder's license during the performance of the contract, MCL 339.2412(1) does not preclude this action. The trial court erred in its determination that § 2412(1) barred plaintiffs' claims.[5]

Reversed and remanded. Jurisdiction is not retained.

---

[4] MCL 339.2412(1), which was added as part of 1980 PA 299, superseded MCL 338.1516, which was repealed by 1980 PA 299.

[5] The parties agree that plaintiffs did not have a valid construction lien and that the trial court properly dismissed count III.