Edward DUBAY, Plaintiff,

v.

**R. CRAZE, Madison Heights Police Officer; and P. Davis, Madison Heights Police Officer, Defendants.**

No. 03–71553.

United States District Court,
E.D. Michigan,
Southern Division.

July 1, 2004.

Frank Becker, Frank G. Becker & Associates, P.C., Southfield, MI, for plaintiff.

Michael E. Rosati, Johnson, Rosati, LaBarge, Aseltyne & Field, Farmington Hills, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Before the court is Defendants' Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 56. After Defendants' counsel failed to appear for oral arguments scheduled on June 21, 2004, the court ORDERED that the motion be decided on the briefs that the parties have submitted. For the reasons that follow, the court must DENY Defendants' motion.

### I.

On April 22, 2001, officers from the Madison Heights, Michigan, Police Department, including Defendant Craze, began searching for the driver of an abandoned vehicle that police believed had been involved in a hit-and-run accident. During the search, Defendant Craze came upon Plaintiff standing at an intersection. Defendant Craze attempted to talk to Plaintiff but Plaintiff ran away and Defendant Craze gave chase. The parties agree that Plaintiff ran because he had outstanding warrants for child support. Defendant Craze eventually caught Plaintiff. It is at this point that the parties' version of events differs.

Plaintiff avers that he independently decided to surrender and lay down on the ground before any officer reached him. While he was lying on the ground, Plaintiff claims that an assailant, whom he did not see, but has testified "was definitely the officer that was running after me," struck him in the eye. Edward Dubay Dep., p. 47. After the blow, Plaintiff apparently passed out and had to be awakened with smelling salts. Plaintiff contends that he offered no resistance, posed no threat, and was peaceful throughout this incident. Defendants, in contrast, assert that Defendant Craze eventually caught up with and tackled Plaintiff. A short struggle ensued, during which Defendant Craze had to force Plaintiff's hands behind his back in order to handcuff him. When he rolled Plaintiff onto his back to talk with him, Defendant Craze noticed that Plaintiff had dried blood on the right side of his face and lower jaw area, as well as a swollen left eye and abrasions under the left eye. According to Defendant Craze, when he asked Plaintiff what had happened to his face, Plaintiff replied, "I don't know." Plaintiff was arrested on the outstanding warrants and for disorderly conduct, to which he subsequently pled guilty.

Defendants maintain that Defendant Davis did not arrive on the scene until after Plaintiff had been handcuffed and taken into custody, that Defendant Davis did not use any force against Plaintiff, and that Defendant Davis had no involvement in this incident. In his Response to Defendant's [sic] Motion for Summary Judgment, Plaintiff stated that, based on the discovery in this case, he is willing to dismiss Defendant Davis. The court construes this statement as Plaintiff's request for a voluntary dismissal, and hereby DISMISSES WITH PREJUDICE the claims against Defendant Davis. The following discussion, then, only applies to Defendant Craze.

Plaintiff has filed a three-count Complaint asserting that Defendant Craze used excessive force to execute his arrest in violation of 42 U.S.C. § 1983. The Complaint also sets forth pendent state claims of assault and battery as well as gross negligence. This memorandum constitutes the court's findings of fact and conclusions of law on Defendant Craze's Motion for Summary Judgment.

## II.

### A. Standard of Review

On motions for summary judgment, the moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *In re Morris,* 260 F.3d 654, 665 (6th Cir.2001). In order to survive a summary judgment motion, the non-moving party cannot rest on its pleadings alone, but must put forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Morris,* 260 F.3d at 665. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Poss,* 260 F.3d at 665.

### B. § 1983 Claim

▉ Defendant Craze's primary objection is that Plaintiff's § 1983 claim is barred by qualified immunity. Government officials performing discretionary functions are shielded from civil liability if their actions do not violate clearly established statutory or constitutional rights which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) A court engaging in a qualified immunity analysis first must determine whether the officer's conduct violated the plaintiff's constitutional rights. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the plaintiff can prove a constitutional violation, the court's next step is to determine whether the right was clearly established such that a reasonable officer would understand that his actions violated that right. *Id.* Furthermore, if a reasonable police officer could have believed that his conduct was lawful in light of clearly established law, or if officers of reasonable competence could disagree as to the lawfulness of the conduct, then the officer is entitled to qualified immunity. *Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). A citizen's affidavit, however, is entitled to weight equal to that of a police officer's affidavit when determining whether the officer is entitled to qualified immunity. *Payne v. Pauley,* 337 F.3d 767, 771 (7th Cir.2003).

▉ When an alleged beating occurs during the course of the arrest of a free person, the parties' actions are governed by the Fourth Amendment. *Burchett v. Kiefer,* 310 F.3d 937, 944 (6th Cir.2002); *Phelps v. Coy,* 286 F.3d 295, 299 (6th Cir. 2002) An officer's use of force is proper under the Fourth Amendment only if it is objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure. *Burchett,* 310 F.3d at 944; *Phelps,* 286 F.3d at 299. Striking an unarmed suspect about the face after he has voluntarily surrendered is objectively unreasonable and is an unequivocal violation of Plaintiff's Fourth Amendment rights. Moreover, Plaintiff's right not to be subjected to excessive force is clearly established under the Fourth Amendment's guarantee of freedom from

the unreasonable seizure of his person. *See, e.g., Phelps,* 286 F.3d at 301 (6th Cir.2002). A reasonable officer would have known that such behavior under similar circumstances was not reasonable. Therefore, taking the facts in a light most favorable to Plaintiff, as the court must for purposes of this motion, Defendant Craze is not entitled to qualified immunity and his motion for summary judgment on Plaintiff's 42 U.S.C. § 1983 claim must be denied.

## B. Assault & Battery

### 1. Statute of Limitations

█ Defendant Craze alleges that the statute of limitations has expired on Plaintiff's assault and battery claim. Specifically, he contends that Michigan statute of limitations provisions governs this action. Under Michigan law, assault and battery actions must be filed within two years from the date of the incident, M.C.L.A. 600.5805(2), and, the filing of a complaint does not automatically toll the statute of limitations, but rather the complaint must be filed and served in order to avoid the matter being time-barred, M.C.L.A. 600.5856 [1]. *Gladych v. New Family Homes, Inc.,* 468 Mich. 594, 664 N.W.2d 705 (2003). While the Complaint in this case was filed one day before the two year anniversary of the incident, the Complaint was not served until 110 days after it was filed. Plaintiff asserts that the Complaint was timely filed and served and is governed by federal procedural law.

█ The court finds that Defendants' assertion that the statute of limitations has expired on the assault and battery claim is wholly without merit. It is well established that the applicable rules concerning service of a complaint are procedural matters for which federal courts rely on their own procedural rules. *Hanna v. Plumer,* 380 U.S. 460, 473–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). It is without question that this action is timely as the Complaint was filed within one day of the two year statute of limitations period and was served, along with the Summons, within the 120 day period allowed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 3, 4(m).

### 2. Necessary Force

█ Alternatively, Defendants argue that the assault and battery claim must fail as there is no evidence of any threat to do bodily harm to Plaintiff and the force used to pull Plaintiff's hands behind his back for cuffing was reasonably necessary. The force that Plaintiff alleges was unreasonable, however, is not that which was used to handcuff him, but rather the force that was used to strike him in the face, which, as stated above, cannot be found to be reasonable. Further, taking the facts in a light most favorable to Plaintiff, the circumstances did not warrant the use of *any* force at all. While it is troubling that Plaintiff did not see the officer that struck him, he did testify that his assailant was Defendant Craze. On a motion for summary judgment, the court must not engage in credibility determinations. It is the

---

**1.** MCLA 600.5856 states, in relevant part, that

The statutes of limitations or repose are tolled in any of the following circumstances: (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
(b) At the time jurisdiction over the defendant is otherwise acquired.

(c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

movant's obligation to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Here, however, the facts are in equipoise: Defendant Craze's contention that he did not strike Plaintiff is no more convincing, nor is it entitled to any greater weight, than Plaintiff's averment that Defendant Craze hit him. *Payne, supra*, 337 F.3d at 771. As Defendant Craze has failed to meet his burden to demonstrate that there is no genuine issue of material fact for trial, he is not entitled to summary judgment on Plaintiff's assault and battery claim.

### C. Gross Negligence

Finally, relying on *Sudul v. City of Hamtramck*, 221 Mich.App. 455, 562 N.W.2d 478 (1997), Defendant Craze urges that Plaintiff cannot maintain an action for gross negligence as his allegations sound in assault and battery, intentional torts, which, by definition, cannot constitute gross negligence.[2] This court, however, does not read *Sudul, supra*, to say that Plaintiff may not maintain two distinct claims for assault and battery, and for gross negligence, but rather finds that *Sudul* stands for the proposition that a court must not conflate the gross negligence analysis into the assault and battery analysis. 221 Mich.App. 455, 461, 562 N.W.2d 478 (1997). Inasmuch as Defendant Craze has failed to demonstrate that his conduct was not so reckless as to demonstrate a substantial lack of concern for whether an injury results, then Defendant Craze is not entitled to summary judgment on Plaintiff's gross negligence claim either.

### III.

The court having reviewed the parties' briefs and being otherwise fully advised in the premises, now, therefore;

IT IS ORDERED that all claims against Defendant Davis are hereby DISMISSED WITH PREJUDICE at Plaintiff's request as outlined in his Response to Defendant's [sic] Motion for Summary Judgment.

IT IS FURTHER ORDERED that Defendant Craze's Motion for Summary Judgment be and hereby is DENIED for the reasons stated in this Memorandum Opinion.

IT IS SO ORDERED.

2. Michigan's Governmental Immunity Act defines gross negligence as follows:

Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency ... is immune from tort liability for an injury to a person caused by the officer or employee while in the course of employment if all of the following are met: (a) the officer ... is or reasonably believes he is acting within the scope of his authority;

(b) the governmental agency is engaged in the exercise or discharge of a governmental function;
(c) the officer's ... conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. MCLA 691.1407(2).