HELENE N. WHITE, Circuit Judge,
concurring in result.
The question as framed by the parties is whether “Michigan law considers statutes of limitations to be procedural or substantive.” From the outset, the parties have assumed that Michigan courts would adjudicate a contractual choice-of-law dispute by distinguishing between procedural laws and substantive laws, with only the latter being governed by the choice-of-law provision. Czewski’s argument acknowledges Michigan’s long-standing practice of considering statutes of limitations to be procedural, see, e.g., Stephens v. Dixon, 449 Mich. 531, 534, 536 N.W.2d 755, 756 (Mich.1995) (“Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants.”); *483 People v. Russo, 439 Mich. 584, 595, 487 N.W.2d 698, 702 (Mich.1992) (“In Michigan, statutes of limitations are generally-regarded as procedural and not substantive in nature.”), and asserts that the Michigan Supreme Court’s decision in Gladych v. New Family Homes, Inc., 468 Mich. 594, 664 N.W.2d 705 (2003), altered that long-standing approach and “clearly provides that statutes of limitations are substantive rather than procedural.”
In Gladych, the Michigan Supreme Court considered whether the mere filing of the complaint in an action tolls the statute of limitations under the applicable Michigan statutes, notwithstanding language in MCLA 600.5856 that indicates more is required. In doing so, the Court overruled Buscaino v. Rhodes, 385 Mich. 474, 189 N.W.2d 202 (1971), overruled in part on other grounds by McDougall v. Schanz, 461 Mich. 15, 597 N.W.2d 148 (1999), which had held that tolling begins with the mere filing of the complaint, by limiting § 5856’s applicability, in part to avoid a conflict between § 5856 and GCR 101, a court rule enacted pursuant to the Michigan Supreme Court’s constitutional authority to enact rules regarding practice and procedure in the courts. Gladych, 468 Mich, at 605, 664 N.W.2d 705. The Gla-dych court rejected the Buscaino court’s reasoning, citing its earlier decision in McDougall:
If the statute concerns a matter that is purely procedural and pertains only to the administration of the courts, the court rule would control. [McDougall, 461 Mich.] at 26-27, 597 N.W.2d 148. If, however, the statute concerns a-“ ‘principle of public policy, having as its basis something other than court administration ... the [court] rule should yield.’ ” Id. at 31, 597 N.W.2d 148 (quoting Joiner & Miller, Rides of practice and procedure: A study of judicial rule making, 55 Mich. L.R. 623, 635 (1957)). Statutes regarding periods of limitations are substantive in nature.
Gladych, 468 Mich, at 600, 664 N.W.2d 705.
The Gladych Court made this statement in the context of comparing “statutes regarding matters of ‘practice and procedure’ and those regarding substantive law,” and found that statutes of limitations fall in the latter category. Id. Specifically, the Court determined that court rules trump statutes in regard to “purely procedural” matters, but when the statute concerns “a principle of public policy, having as its basis something other than court administration,” the statute governs. Id. Thus, Gladych’s statement that statutes of limitations are “substantive in nature” merely distinguishes statutes of limitation from statutes “regarding matters of ‘practice and procedure.’ ” See id. This statement does not evince a wholesale change of Michigan law; rather, it “addressed ... the requirement that tolling of the relevant statute of limitations can only be accomplished by complying with [Michigan statutory law].” Collins v. Comerica Bank, 668 N.W.2d 357 (Mich.2003) (expressly limiting the holding of Gladych to the narrow question stated above).[1] Thus, I reject Czew-ski’s argument based on Gladych.
*484 I also note that this case has progressed entirely on the premise that Michigan conflict-of-laws rules in contractual disputes are materially identical to those discussed in Cole v. Mileti, 133 F.3d 433 (6th Cir.1998) (interpreting Ohio law), Phelps v. McClellan, 30 F.3d 658 (6th Cir.1994) (same), and Frisch v. Nationwide Mutual Ins. Co., 553 Fed.Appx. 477 (6th Cir.2014) (same). I am not convinced that this is the case, and believe that Michigan courts would follow the Restatement (Second) of Conflicts of Laws when deciding this issue. See Chrysler Corp. v. Skyline Indus. Servs., Inc., 448 Mich. 113, 126-27, 528 N.W.2d 698 (Mich.1995) (adopting the approach set forth in Restatement (Second) of Conflict of Laws §§ 187, 188). Under .this approach, it is possible that a Michigan court honoring a general, all-encompassing choice-of-law provision would also apply the chosen state’s statute of limitations. See Restatement (Second) of Choice of Laws § 187 (“The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.”). Still, given the limited scope of the choice-of-law provision at-issue here — Rhode Island law governs the contract’s “validity, interpretation, and performance” — it is not clear to me that a Michigan court would apply Rhode Island’s statute of limitations when adjudicating Czewski’s claim. I thus concur in the affirmance of the district court’s application of the Michigan statute of limitation.
Finally, because Czewski did not seek the alternative remedy of transfer below, he forfeited any claim to that relief. Thus, I concur in the affirmance district court.

. Indeed, Czewski’s argument is expressly contemplated and disavowed by the Restatement:
The courts have traditionally [analyzed statute of limitations issues] by determining whether the particular issue was "procedural” and therefore to be decided in accordance with the forum’s local law rule, or "substantive” and therefore to be decided by reference to the otherwise applicable law. These characterizations, while harmless in themselves, have led some courts into unthinking adherence to precedents that have classified a given issue as “procedural” or "substantive,” regardless of what purposes were involved in the earlier classi *484 fications. Thus, for example, a decision classifying burden of proof as "procedural” for local law purposes, such as in determining the constitutionality of a statute that retroactively shifted the burden, might mistakenly be held controlling on the question whether burden of proof is "procedural" for choice-of-law purposes.
Restatement (Second) of Conflict of Laws, § 122, cmt. b. Gladych is such a case; it pertained to purely local matters, but now Czewski is citing it for contractual choice-of-law purposes. To be sure, Michigan courts have indicated that this section of the Restatement applies to Michigan contractual choice-of-law disputes. See GM Sign, Inc. v. Auto-Owners Ins. Co., 2012 WL 4840592, at *22 (Gieicher, J. concurring) (unpublished).