WILDER, J.
(dissenting). I respectfully dissent.
In Tyra v Organ Procurement Agency of Mich, 498 Mich 68, 94; 869 NW2d 213 (2015), our Supreme Court reiterated that
[although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI [notice of intent] and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired. [Emphasis added.]
This holding by the Supreme Court reflects the rule of law established in Scarsella v Pollak, 461 Mich 547, 549; 607 NW2d 711 (2000), that “for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required *10 affidavit of merit [AOM] is insufficient to commence the lawsuit.” (Quotation marks and citation omitted.)
In the instant case, when plaintiffs filed their complaint on February 4, 2013, they did not file an AOM. Thus, the action against defendants did not commence on February 4, 2013. However, plaintiffs filed a motion under MCL 600.2912d(2) to extend the time for filing the requisite AOM. The trial court granted that motion on March 8, 2013, and the majority concludes that the granting of plaintiffs’ motion operated retroactively to toll the running of the period of limitations, such that “plaintiffs acted properly pursuant to both statute and caselaw,” and plaintiffs’ complaint and AOM should be deemed timely filed. I respectfully disagree.
The period of limitations for an action charging malpractice is two years. MCL 600.5805(6). According to plaintiffs, defendants’ malpractice occurred on February 9, 2011. Thus, the period of limitations for defendants’ alleged malpractice, absent tolling, was scheduled to expire on February 9, 2013. This means that plaintiffs were required to commence their action against defendants by February 9, 2013, unless plaintiffs took some action to toll the running of the limitations period. There is no dispute that plaintiffs’ action was not commenced by February 9, 2013. There is also no dispute that as of February 9, 2013, the period of limitations had not been tolled. Thus, as in Holmes v Mich Capital Med Ctr, 242 Mich App 703, 709; 620 NW2d 319 (2000), plaintiffs’ efforts to remedy their failure to file an AOM with their complaint — in this case, plaintiffs filed a motion under MCL 600.2912d(2) to extend the time for filing an AOM — were, unfortunately, insufficient because their efforts culminated beyond the limitations period.
*11 The majority concludes that this application of Scarsella and its progeny renders MCL 600.2912d(2) nugatory. I disagree. As statutes sharing a common purpose, MCL 600.2912d(2) and MCL 600.5805(6) must be read together as one and construed in a way that produces a harmonious whole. Mich Basic Prop Ins Ass’n v OFIR, 288 Mich App 552, 559-560; 808 NW2d 456 (2010) (“When construing statutes, the terms of statutory provisions with a common purpose should be read in pari materia. . . . Conflicting provisions of a statute must be read together to produce an [sic] harmonious whole and to reconcile any inconsistencies wherever possible.”) (quotation marks and citations omitted); Ross v Modern Mirror & Glass Co, 268 Mich App 558, 563; 710 NW2d 59 (2005) (“Statutes that relate to the same subject must be read together as one, even if they contain no reference to one another.”). In my judgment, construing MCL 600.2912d(2) in a manner that requires a plaintiff to obtain, before the statutory period of limitations expires, a court order granting an extension to file the AOM so that the cause of action against a defendant can be commenced before the period of limitations expires, gives meaning to both statutes.
The defining principle of law is that an action must be commenced before the period of limitations for that cause of action expires. See MCL 600.5805(1) (“A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.”) (emphasis added); Ostroth v Warren Regency, GP, LLC, 474 Mich 36, 40; 709 NW2d 589 (2006); Gladych v New Family Homes, Inc, 468 Mich *12 594, 598; 664 NW2d 705 (2003).[1] Operating together, it is clear that the statutes underlying medical malpractice claims respect that defining principle of law. Under MCL 600.5856(c), filing a notice of intent to file suit tolls the running of the period of limitations. Tyra, 498 Mich at 79. Upon expiration of the notice period, the period of limitations resumes running. Cf. Gladych, 468 Mich at 603-604.[2] Filing a complaint and an affidavit of merit, MCL 600.2912d(l), or the granting of a motion for an extension of time to file the AOM, MCL 600.2912d(2), again operates to toll the running of the statutory period of limitations. See Tyra, 498 Mich at 79 n 8; Solowy v Oakwood Hosp Corp, 454 Mich 214, 229; 561 NW2d 843 (1997). However, each effort to toll the running of the period of limitations, as well as the actual commencement of plaintiffs’ cause of action, must occur before the period of limitations expires.[3]
The majority holds that construing MCL 600.2912d(2) to mean something other than that “the 28-day period must run from the date the complaint is *13 filed, irrespective of when the motion is granted,” would “make a plaintiffs rights turn not on the plaintiffs compliance with the procedures established by the Legislature, but rather purely on the vagaries of when the trial court, or more likely not even the court but rather a docketing clerk, chooses to hear or docket the motion.” Again, I respectfully disagree. It is apparent from this record that plaintiffs did not use the means they had available to them, which if used, could have prevented the expiration of the period of limitations before their motion to extend was granted. Under MCR 2.119(C), a trial court may adjust the time for the service and filing of motions and responses “for good cause.” Notably, plaintiffs did not request an expedited hearing of their motion to extend the time for filing the AOM, and they failed to emphasize on the cover page of their motion that there was an urgency in hearing the pending motion because the period of limitations would expire on February 9, 2013.[4] To avoid creating a vagarious situation, it is not an onerous expectation that a plaintiff in these circumstances would make more than a modicum of effort to seek an expedited *14 hearing date from a trial court or a docketing clerk, neither of whom can be reasonably expected, without prompting by the moving party, to read through every motion filed in the trial court in order to identify those particular matters that require urgent attention. Thus, contrary to the majority, I would find that plaintiffs failed to make reasonable efforts to request that the trial court suspend the normal time limits imposed under MCR 2.119(C) due to the impending expiration of the period of limitations, and that the facts of this case do not warrant holding either the trial court or the docketing clerk responsible for plaintiffs’ failure to commence their cause of action against defendants in a timely manner.
Contrary to the majority’s findings, I would find that (1) because plaintiffs did not include an AOM with the complaint filed on February 4, 2013, the lawsuit was not commenced under Scarsella, (2) under Ligons[5] and Barlett,[6] the motion plaintiffs filed to extend time for filing the AOM had no tolling effect, and (3) because the period of limitations expired on February 9, 2013, before the trial court granted the motion to extend, the trial court properly found that its March 8, 2013 order had no tolling effect.
I would affirm.

 The Legislature amended MCL 600.5856 after the Gladych opinion issued. The amended statute specifies that a statutory period of limitations is tolled when a complaint is filed before the period of limitations expires “if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.” MCL 600.5856(a).

 Rather than as binding precedent in the instant case, I cite to Gladych merely to illustrate, by analogy, that the period of limitations resumes running after previously being properly tolled for some period of time.

 Moreover, although in Pryber v Marriott Corp, 98 Mich App 50, 56; 296 NW2d 597 (1980), this Court concluded that the Legislature, through the enactment of a retroactive law, may revive a cause of action which has already been barred by the application of a previously existing statute of limitations, I am unable to find any caselaw, and the majority cites to none, which supports the proposition that an untimely cause of action barred by application of an expired period of limitations may be subsequently revived by the decision of a court of law.

 Not only did the cover page of plaintiffs’ motion not contain any information that would have alerted the trial court or the docketing clerk to the fact that the motion required urgent attention, the contents of the motion stated only the following with regard to the urgency attendant to filing the motion. On page three of the motion, plaintiffs stated that “it appears that the [AOM] shall not be prepared until after February 8, 2013,” due to the expert’s busy schedule. Also on page three, plaintiffs explained that, “[ajlthough it may appear [that] the filing of this medical malpractice action was held to the last possible time,” they waited to file their claim because plaintiff Ruben Castro had been informed that his symptoms would cease some number of weeks or months after the surgery, and he still suffered from the condition “just short of two [2] years from the date of surgery on February 9, 2011.” While plaintiffs hint at a statutory period of limitations problem, plaintiffs’ motion did not expressly identify this impending problem for the trial court.

 Ligons v Crittenton Hosp, 490 Mich 61; 803 NW2d 271 (2011).

 Barlett v North Ottawa Comm Hosp, 244 Mich App 685; 625 NW2d 470 (2001).