**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED FEBRUARY 1, 2006

ELLEN M. OSTROTH and THANE OSTROTH,
      Plaintiffs,

and

JENNIFER L. HUDOCK and BRIAN D.
HUDOCK,
    Plaintiffs-Appellees,

v                                  No. 126859

WARREN REGENCY, G.P., L.L.C., AND
WARREN REGENCY LIMITED PARTNERSHIP,
    Defendants,

and

EDWARD SCHULAK, HOBBS & BLACK, INC.,
    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

WEAVER, J.

This architectural malpractice case poses the issue whether MCL 600.5839 is only a statute of repose, in which case MCL 600.5805(6) or (10) supplies a shorter limitations period, or is itself both a statute of repose and a statute of limitations. The Court of Appeals concluded that § 5839

is both a statute of repose and a statute of limitations and thus the plaintiff's cause of action is not time-barred.[1] We agree and accordingly affirm that decision and remand the matter to the circuit court.

## FACTS

In April 1998, defendant Edward Schulak, Hobbs & Black, Inc., architects and consultants, was the architect in a renovation project, designing renovations for office spaces at 12222 East Thirteen Mile Road in Warren, Michigan. Plaintiff Jennifer L. Hudock worked in the offices from April 24, 1998, through August 24, 1998. Plaintiff alleges that during that time she was exposed to environmental hazards such as fungus, mold, bacteria, formaldehyde, and carbon dioxide as a result of the renovations to the building's heating, cooling, ventilation, and plumbing systems. She claims that she sustained personal injuries as a result of environmental hazards arising from the renovation of her workplace.[2]

---

[1] 263 Mich App 1; 687 NW2d 309 (2004).

[2] Plaintiff's husband's claim is derivative. The other plaintiffs in this case, Ellen M. and Thane Ostroth, and two other defendants, Warren Regency, G.P., L.L.C.; and Warren Regency Limited Partnership, are not parties to this appeal.

Plaintiff initiated this action for damages on May 10, 2000. In her first amended complaint filed November 14, 2000, plaintiff alleged that defendant-architect negligently exposed plaintiff to a hazardous environment that caused injury and increased the risk of injury in the future. Defendant first moved for summary disposition, challenging the merits of plaintiff's claim. The circuit court then allowed defendant to amend its affirmative defenses to include the claim that plaintiff's suit was time-barred by the two-year limitations period of MCL 600.5805(6).

The circuit court granted defendant's motion for summary disposition, holding that the two-year limitations period for malpractice claims of MCL 600.5805(6) applied. However, the Court of Appeals affirmed in part, reversed in part, and remanded the matter to the circuit court, holding that the six-year limitations period of MCL 600.5839(1) applies to plaintiff's action for damages.

We granted defendant's application for leave to appeal and directed that the parties include among the issues to be briefed

> (1) whether MCL 600.5839(1) precludes application of the statutes of limitations prescribed by MCL 600.5805 and, if not, (2) which statute of limitations, MCL 600.5805(6) or MCL 600.5805(10), is applicable to the claim asserted against

3

defendant Edward Schulak, Hobbs & Black, Inc., in this case.[3]

STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). This case involves a question of statutory interpretation, which this Court also reviews de novo. *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 250-251; 632 NW2d 126 (2001).

ANALYSIS

A person cannot commence an action for damages for injuries to a person or property unless the complaint is filed within the periods prescribed by MCL 600.5805. *Gladych v New Family Homes, Inc,* 468 Mich 594, 598; 664 NW2d 705 (2003). MCL 600.5805(1) provides:

> A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

The several subsections of MCL 600.5805 define periods of limitations for various types of actions to recover damages for injuries to persons or property.

---

[3] 472 Mich 898 (2005).

4

Relevant to this case, MCL 600.5805(6) provides for a two-year period of limitations for actions charging malpractice, MCL 600.5805(10) provides a three-year period of limitations for general negligence actions, and MCL 600.5805(14) addresses the period of limitations for an action for damages involving a state-licensed architect and an improvement to real property.[4] The parties dispute the effect and proper interpretation of MCL 600.5805(14) and MCL 600.5839(1).

When interpreting statutes, "we presume that the Legislature intended the meaning clearly expressed . . . ." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). Judicial construction is not required or permitted if the text of the statute is unambiguous. *Id.*

MCL 600.5805(14) was added to MCL 600.5805 in 1988.[5] Subsection 5805(14) provides:

> The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in section 5839.

---

[4] MCL 600.5805 has been amended several times: the current subsection 6 was formerly subsection 4; the current subsection 10 was formerly subsection 8; and, the current subsection 14 was formerly subsection 10.

[5] 1988 PA 115.

5

MCL 600.5839(1) in turn specifies a six-year period of limitations that begins to run "after the time of occupancy of the completed improvement, use, or acceptance of the improvement . . . ."

MCL 600.5839(1) was enacted twenty years before MCL 600.5805(14).[6]  MCL 600.5839(1) currently provides in full:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect  is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

---

[6] 1967 PA 203.  As originally enacted, MCL 600.5839(1) did not provide a one-year discovery provision or the final ten-year period for gross negligence claims.  These provisions were added by 1985 PA 188 at the same time the statute was expressly expanded to include contractors.

Defendant contends that the six-year period of MCL 600.5839(1) is a statute of repose that operates in addition to the shorter periods of limitations in MCL 600.5805(6) and (10).[7]  In other words, defendant claims that when an action arises within the six-year period specified by MCL 600.5839(1), the periods of limitations in MCL 600.5805 still apply.  The Court of Appeals disagreed, however, holding that MCL 600.5839(1) is both a statute of limitations and a statute of repose so that an action for damages involving architects can be filed at any time within six years of the occupancy of the completed improvement.

This Court first addressed MCL 600.5839(1) in *O'Brien v Hazelet & Erdal*, 410 Mich 1; 299 NW2d 336 (1980).  In *O'Brien,* this Court upheld the constitutionality of MCL 600.5839(1) and described the statute's operation as follows:

> [T]he instant statute is both one of limitation and one of repose.  For actions which accrue within six years from occupancy, use, or

---

[7] "'A statute of repose limits the liability of a party by setting a fixed time after . . . which the party will not be held liable for   . . . injury or damage . . . .  Unlike a statute of limitations, a statute of repose may bar a claim before an injury or damage occurs.'" *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 513 n 3; 573 NW2d 611 (1998)(citation omitted).

7

acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever accruing.[8]

Regarding the purpose of the statute, *O'Brien* stated: "The Legislature chose to limit the liability of architects and engineers in order to relieve them of the potential burden of defending claims brought long after completion of the improvement . . . ."[9]

Despite *O'Brien's* statement[10] that MCL 600.5839(1) "acts as a statute of limitations" for claims arising within "six years from occupancy, use, or acceptance of the completed improvement," defendant argues that the six-year period provided by MCL 600.5839(1) is merely a statute of repose that does not inhibit the application of the two-year period of limitations for malpractice claims or the three-year period of limitations for negligence actions of MCL 600.5805 (6) and (10*)*.

For this argument, defendant relies on *Witherspoon v Guilford*, 203 Mich App 240; 511 NW2d 720 (1994).

---

[8] *O'Brien, supra* at 15.

[9] *Id.* at 14.

[10] *Id.* at 15.

*Witherspoon* addressed whether the six-year period under MCL 600.5839(1) precludes the application of the three-year period of limitations of the current MCL 600.5805(10) "where the cause of action arises within six years after the use or acceptance of the improvement."[11] *Witherspoon* concluded that subsection 14 was added to MCL 600.5805 merely to "underscore [the Legislature's] intent to grant § 5839 primacy over other arguably applicable periods of limitation, running from the time of discovery, whose effect would defeat the repose aspect of § 5839."[12] *Witherspoon* further concluded that to apply MCL 600.5839(1) exclusively of the shorter periods of limitations in MCL 600.5805 would render portions of MCL 600.5805 nugatory.

Although *Witherspoon*[13] correctly recognized that the current MCL 600.5805(14) and MCL 600.5839 "set forth an emphatic legislative intent to protect architects, engineers, and contractors from stale claims," we find no evidence that through the enactment of MCL 600.5805(14) the Legislature intended MCL 600.5839(1) to merely serve as a statute of repose.   Regarding which period of limitations

---

[11] *Witherspoon, supra* at 246.

[12] *Id.*

[13] *Id.* at 247.

9

applies to renovations to real property and the liability of a state-licensed architect who furnished the design for the renovations, there is no ambiguity in the language of either MCL 600.5805(14) or MCL 600.5839(1).[14] MCL 600.5805(14) unambiguously provides that "[t]he period of limitations for an action against a state licensed architect . . . shall be as provided in section 5839."

Because defendant is a state-licensed architect that furnished the design for the improvements to the real property that allegedly caused plaintiff's injury, under MCL 600.5839(1) the period within which plaintiff can "maintain any action to recover damages for . . . bodily injury" is six years "after the time of occupancy of the completed improvement, use, or acceptance of the improvement . . . ."

---

[14] Cf. *Michigan Millers Mut Ins Co v West Detroit Bldg Co, Inc,* 196 Mich App 367; 494 NW2d 1 (1992), concluding that the effect of MCL 600.5805(14) on MCL 600.5839(1) was ambiguous on a different question than that presented by this appeal. *Michigan Millers* concluded that MCL 600.5805(14) was ambiguous regarding whether the Legislature intended that the six-year period of MCL 600.5839(1) be applied to all actions based on improvements to real property, both third-party actions and actions for professional malpractice. The panel examined the legislative history and held that the Legislature intended that MCL 600.5839(1) did apply to both types of claims.

10

Moreover, it does not render any portion of MCL 600.5805 nugatory to hold that MCL 600.5839(1) is, as it plainly appears on its face, both a statute of repose and a statute of limitations. The periods of limitations of MCL 600.5805 for malpractice and general negligence actions remain applicable to any claim that does not involve "a state licensed architect, professional engineer, land surveyor, or contractor" and that is not "based on an improvement to real property . . . ." MCL 600.5805(14).

Finally, our interpretation is not in conflict with the policies underlying MCL 600.5839(1) that this Court identified in *O'Brien, supra* at 16:

> By enacting a statute which grants architects and engineers complete repose after six years rather than abrogating the described causes of action *in toto*, the Legislature struck what it perceived to be a balance between eliminating altogether the tort liability of these professions and placing no restriction other than general statutes of limitations upon the ability of injured plaintiffs to bring tort actions against architects and engineers. The Legislature could reasonably have concluded that allowing suits against architects and engineers to be maintained within six years from the time of occupancy, use, or acceptance of an improvement would allow sufficient time for most meritorious claims to accrue and would permit suit against those guilty of the most serious lapses in their professional endeavors.

As stated in *O'Brien,* "[t]he power of the Legislature to determine the conditions under which a right may accrue and

11

the period within which a right may be asserted is undoubted." *Id*. at 14.

## CONCLUSION

We hold that MCL 600.5805(14) unambiguously directs that the period of limitations for actions against architects is provided by MCL 600.5839(1). Moreover, the six-year period of MCL 600.5839(1) operates as both a statute of limitations and a statute of repose. Therefore, plaintiff's action for damages, brought well within this time period, is not time-barred. The Court of Appeals decision is affirmed and this case is remanded to the circuit court for further proceedings. To the extent that the Court of Appeals decision in *Witherspoon, supra*, is inconsistent with this opinion, it is overruled.[15]

> Clifford W. Taylor
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

---

[15] We note that *Witherspoon* appears to have been the "first out" under MCR 7.215(J)(1) on the precise question of statutory interpretation presented in this case. However, our decision to overrule *Witherspoon* to the extent that it is inconsistent with our decision resolves any conflict on the question.

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**


ELLEN M. OSTROTH and THANE OSTROTH,

    Plaintiffs,

and

JENNIFER L. HUDOCK and
BRIAN D. HUDOCK,

    Plaintiffs-Appellees,

v                                    No. 126859

WARREN REGENCY, G.P., L.L.C., and
WARREN REGENCY LIMITED PARTNERSHIP,

    Defendants,

and

EDWARD SCHULAK, HOBBS & BLACK, INC.,

    Defendant-Appellant.
_____

KELLY, J. (*concurring*).

    I concur with the majority in this case that the applicable limitations period is six years as stated in MCL 600.5839(1). I write separately to explain the difference between my decision in this case and my concurrence in *Stanislawski v Calculus Constr Co, Inc,* unpublished opinion per curiam of the Court of Appeals, issued April 7, 1994 (Docket No. 145467).

When I penned my concurrence in *Stanislawski* I was bound by *Witherspoon v Guilford,* 203 Mich App 240; 511 NW2d 720 (1994). See MCR 7.215(J)(1). Now that I am in the position to overturn *Witherspoon* and see the wisdom of doing so, I join in the decision reached by the Court in this case.


Marilyn Kelly