**UNITED HOUSE OF PRAYER FOR ALL PEOPLE, St. Paul Fire & Marine Insurance Company, Plaintiff,**

v.

**UNITED BUILDING CONTRACTORS, INC., Jaco Construction Services, Inc., Hellebuyck Mechanical, Inc., Western Waterproofing Company, Wooten Heating & Cooling, Inc., Hill Contracting Company, J & M Asphalt Paving Company, Cement It, Inc., Defendant.**

No. 02–75131.

United States District Court, E.D. Michigan, Southern Division.

Feb. 23, 2006.

Order Denying Reconsideration March 15, 2006.

Bruce N. Moss, Black, Duggan, Troy, MI, Christopher T. Conrad, Robert E. Gilmartin, William G. Aimonette, Clausen Miller, Chicago, IL, for Plaintiffs.

Kenneth A. Rich, William L. Spern Kenneth Rich Assoc., Robert B. Holt, Jr., Secrest, Wardle, Farmington Hills, MI, Allen J. Philbrick, Conlin, McKenney, Ann Arbor, MI, Sandra A. Prokopp, Lynch, Prokopp, Southfield, MI, for Defendants.

**DECISION AND ORDER GRANTING J & M'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING J & M FROM THE CASE.**

COHN, District Judge.

## I. Introduction.

This is a negligence case arising out of a construction contract for a church building. The parties are as follows.

Plaintiffs:

(1) United House of Prayer for All People (United House), a non-profit organization with its principle place of business in Washington, DC, which owns and operates a church building in Detroit, Michigan;

(2) St. Paul Fire and Marine Insurance Company (St.Paul), a Minnesota insurance company.

Defendants:

(1) United Building Contractors, Inc. (United Builders), a North Carolina general contractor hired by House of Prayer to perform work on the church building;

(2) Jaco Construction Services (Jaco), a North Carolina construction subcontractor;

(3) Hellebuyck Mechanical, Inc. (Hellebuyck), a Michigan subcontractor in the area of heating and air conditioning installation, construction and repair;

(4) Cement It, Inc. (Cement It), a Michigan subcontractor in the area of cement patching;

(5) Wooten Heating and Cooling (Wooten), a Michigan subcontractor in the area of heating and air conditioning installation, construction and repair;

(6) Hill Contracting (Hill), a Michigan subcontractor in the area of wall and duct work patching and grouting;

(7) J & M Asphalt Paving Co. (J & M), a Michigan subcontractor performing paving, patch blocking for duct work and sealing;

(8) Western Waterproofing Company (Western), a Michigan subcontractor performing interior and exterior caulking and sealing.

In its Fourth Amended Complaint, plaintiffs assert state law negligence claims against each defendant, and a state law claim for breach of implied warranty against United Builders.[1]

Before the Court is J & M's Motion for Summary Judgment asserting a violation of the statute of limitations and the statute of repose.[2] At a hearing on the motion in January, 2006, the Court requested additional information from plaintiffs. Plaintiffs submitted the requested information, J & M responded, and the motion is now ripe for decision. For the following reasons, the Defendants' motion will be granted.

## II. Background.[3]

---

1. Jurisdiction in this Court is proper due to the diversity of the parties, 28 U.S.C. § 1332.

2. Though a failure to comply with the statute of limitations is typically disposed of with a Fed. R. Civ. Proc. 12(b)(6) motion for failure to state a claim, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed. R. Civ. Proc. 12(b).

3. The background is gleaned from the parties' papers.

The parties violated the Court's summary judgment motion practice guidelines in the following manner: neither party highlighted relevant portions of exhibits; neither party submitted a statement and counter-statement of facts, neither party submitted a casebook, and plaintiffs did not attach indexed exhibits, did not attach all cited exhibits, and did not properly cite to the relevant exhibit number. For the Court's motion practice guidelines,

During or before 1997, United House contracted with United Builders to construct a church at 4018 Joy Road, Detroit, Michigan. United Builders subcontracted with the remaining defendants to perform some of the work involved in constructing the church building. The date of completion of the church building is somewhat disputed, but plaintiffs state that the inaugural church service was held in the church on July 11, 1998, in an affidavit submitted by the current pastor of United House.[4]

On or about December 22, 2000, portions of the church's fire suppression sprinkler system froze, causing certain pipings and fittings to crack. Water flowed through the interior of the building, causing damage in excess of $400,000.

On October 30, 2002, plaintiffs filed suit in Wayne County Circuit Court against only United Builders and Jaco. United Builders removed the case to federal court.

Beginning on April 3, 2003, other possible parties at fault slowly became known to plaintiffs. Plaintiffs added the following defendants on the following dates with the filing of an amended complaint:

| Western | December 18, 2003 | First Amended Complaint |
|---|---|---|
| Hellebuyck | December 18, 2003 | First Amended Complaint |
| Wooten | July 19, 2004 | Second Amended Complaint |
| Hill | May 19, 2005 | Third Amended Complaint |
| J & M | May 19, 2005 | Third Amended Complaint |
| Cement It | September 23, 2005 | Fourth Amended Complaint |

United Builders noted Western's possible liability, Jaco noted Hellebuyck's possible liability, Hellebuyck noted Wooten's, Hill's and J & M's possible liability, and J & M noted Cement It's possible liability, all by filing a notice of non-party fault pursuant to M.C.R. 2.112(K).[5]

### III. Discussion.

### A. Legal Standard.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for

---

*see* http://www.mied.uscourts.gov/—practices/Cohn/motion/htm.

J & M violated the Eastern District of Michigan's local rules by failing to deliver judge's courtesy copies of their Motion and Reply Brief to the Court's chambers. *See* E.D. Mich. LR 5.1.1(c). For a complete listing of the Court's courtesy copy requirements, *see* http://www.mied.uscourts.gov/—practices/cc.htm.

4. In their response, plaintiffs say construction was completed by December 31, 1998, but the Fourth Amended Complaint and J & M allege construction was finished sometime in 1997. The Court will use the date submitted in plaintiffs' affidavit.

5. See Exhibit A attached to this opinion for a detailed chronology of events.

trial." FED.R.CIV.P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. *See Moore v. Philip Morris Companies,* 8 F.3d 335, 340 (6th Cir.1993); *see also Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. *Bsharah v. Eltra Corp.,* 394 F.2d 502, 503 (6th Cir.1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.,* 25 F.3d 1320, 1323 (6th Cir.1994) (quoting *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505). The Court "must view the evidence in the light most favorable to the non-moving party." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.,* 69 F.3d 98, 101 (6th Cir.1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. *Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001).

### B. Analysis.

### 1. Introduction.

J & M says that under the applicable three year statute of limitations, the "relate back" doctrine, and the statute of repose, plaintiffs are precluded from pursuing a claim against J & M. Plaintiffs concede that, even under the discovery rule, the three year statute of limitations period ended prior to plaintiffs adding J & M as a defendant in the case. However, plaintiffs say when a defendant files a notice of fault naming other possible defendants, the statute of limitations is extended for the additional defendants under Michigan law. Plaintiffs say the statute of repose is similarly extended or otherwise inapplicable.

### 2. Statute of Limitations.

### a. J & M's Argument.

The statute of limitations for negligence actions is three years from the time the claim arose under the "discovery rule." M.C.L. § 600.5805; *Stephens v. CJ Dixon,* 449 Mich. 531, 536 N.W.2d 755 (1995). The parties agree that plaintiffs' claims arose on December 22, 2000. Plaintiffs first named J & M in its Third Amended Complaint, filed on May 19, 2005, about 17 months after the statute of limitations had tolled on December 22, 2003, according to J & M. J & M adds that while an amendment of pleadings to add a *claim* arising out of the same conduct set forth in the original pleading relates back to the date of the original filing, the "relate back" doctrine does not extend to the addition of new *parties. Employers Mutual Cas. Co. v. Petroleum Equipment, Inc.,* 190 Mich. App. 57, 475 N.W.2d 418 (1991). Accordingly, J & M says the claim against it is precluded by the statute of limitations.

### b. Plaintiffs' Response.

Plaintiffs say J & M is properly included as a defendant in the case, and that the statute of limitations did not toll. Plaintiffs say that a party against whom a claim is asserted must give notice where a nonparty is wholly or partially at fault. M.C.R. 2.112(K)(3). Under this rule, the

notice of non-party fault must be filed within 91 days after the party files its first responsive pleading, and a party served with a notice must file an amended pleading stating a claim against the non-party within 91 days of receiving the notice, if at all, under the Michigan Tort Reform Act, M.C.L. § 600.2957(2) (MTRA). The MTRA also says that such claim is not barred by the statute of limitations "unless the cause of action would have been barred by a period of limitation at the time of the filing of the original cause of action."

According to plaintiffs, Hellebuyck, a proper party under the statute of limitations, initially only disclosed Wooten as a non-party at fault. Later, Hellebuyck became aware that Wooten had, allegedly in violation of the general contract, subcontracted a portion of its work to J & M.[6] Hellebuyck filed a motion for leave to file an amended notice of non-party fault naming J & M. Plaintiffs filed a motion for leave to file an amended complaint based on Hellebuyck's disclosure. The Court granted both motions, and J & M was added as a defendant in the Third Amended Complaint.[7] Plaintiffs say since notice of non-party fault was properly provided by a party whom had been added prior to the running of the statute of limitations, and plaintiffs properly added J & M to the complaint under the MTRA, J & M is a proper defendant in this case.

Plaintiffs cite one district court case, *Walker v. Nat'l Steel Corp.*, 2005 WL 2649294 (E.D.Mich., October 14, 2005), to support its position. In *Nat'l Steel*, the original defendant filed a notice of non-party fault after the running of the statute of limitations, but within the 91 day window to file a timely notice. The second defendant challenged its addition to the case as a violation of the statute of limitations. Plaintiff survived the second defendant's challenge because the plaintiff had requested leave to file an amended complaint within the 91 day window upon receiving the notice of non-party fault, and because the original action was filed within the statute of limitations. Plaintiffs say that the Court's grant of leave to file a notice of non-party fault more than 91 days after the first responsive pleading is sufficient to permit a plaintiff to add a party after the tolling of the statute of limitations.

### c. J & M's Reply.

J & M argues that *Nat'l Steel* is non-binding and distinguishable. It is non-binding, J & M says, because it is a district court decision.[8] It is distinguishable, J & M says, because in *Nat'l Steel* the original defendant had filed a timely notice of non-party fault, whereas in this case Hellebuyck's notice including J & M was filed after the 91 day window for filing timely notices, about eight months after having filed its first responsive pleading. J & M says in such situations a plaintiff cannot add a defendant outside of the statute of limitations. *Staff v. Marder*, 242 Mich. App. 521, 619 N.W.2d 57 (2000) (rejecting the argument that the MTRA extends the

---

6. Hellebuyck filed a brief stating that Jaco, not Wooten, subcontracted the work to J & M and provided the documents upon which it based its notice of non-party fault. This factual dispute is immaterial to the Court's consideration of the motion.

7. United Builders subsequently filed notices of non-party fault including the same parties first included in Hellebuyck's notices. United Builder's notices are not material to the consideration of this motion because they were cumulative and filed late without leave of the Court.

8. J & M says the case is non-binding because it is unpublished. However, all district court cases are non-binding authority whether published or not.

statute of limitations if a party files an untimely notice of non-party fault).

### d. Resolution.

■ This case is difficult because a notice of non-party fault was filed with leave of the Court after the normal time period for filing such a notice. Hellebuyck did not include J & M in its initial notice of non-party fault, ostensibly due to its lack of knowledge that J & M had performed some of the work on the church building, and J & M was added outside the statute of limitations. Yet under the rule proposed by J & M, a party could avoid liability if a proper defendant intentionally or negligently withheld an at-fault party's identity for 91 days following the filing of the defendant's first responsive pleading. Contrary to J & M's position, the Court retains equitable power to grant extensions to the time restraints delineated in the court rules. J & M would have the Court rule that the 91 day window to file a notice of non-party fault under M.C.R. 2.112(K)(3) is fixed. However, just as the time limit for filing pleadings such as an answer or response can be extended by a court, the time limit for filing a notice of non-party fault similarly can be extended. In fact, M.C.R. 2.112(K)(3)(c) states that "the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party."[9] The Court granted Hellebuyck's motion under this rule, meaning J & M was, in effect, included in a timely notice, and plaintiff timely added J & M to its complaint under the MTRA.

Unlike in *Staff*, the Court granted leave to file an amended notice of non-party fault before Hellebuyck filed the amended notice, and before plaintiffs requested to amend the complaint. The trial court in *Staff* had permitted the plaintiff to add a party to the complaint without the defendant having complied with M.C.R. 2.112(K). In fact, the parties in *Staff* had somehow been allowed to stipulate to the addition of parties after the tolling of the statute of limitations. The facts here are obviously different.

In its motion to allow for late filing of a notice of non-party fault, Hellebuyck articulated sufficient reasons as to why J & M's potential liability had not been previously discovered.[10] Accordingly, the Court granted its motion, and subsequently permitted plaintiffs to add J & M as a defendant. Having followed all Michigan statutes and court rules, J & M's addition to this case is more analogous to *Nat'l Steel* than to *Staff*. Though not binding precedent, the result in *Nat'l Steel* serves the interest of fairness. J & M's addition to the case does not violate the statute of limitations because the initial complaint satisfied the statute of limitation.

### 3. Statute of Repose.

### a. J & M's Argument.

In the alternative, J & M argues that the statute of repose precludes the plaintiff from bringing the claims against it. The relevant section of the statute states:

No person may maintain any action to recover damages for any injury to property ... arising out of the defective and unsafe condition of an *improvement to real property,* nor any action for contribution or indemnity for damages sustained as a result of such injury, ...

---

9. J & M makes no argument of unfair prejudice.

10. It is unclear how or whether J & M can challenge the stated reasons Hellebuyck proffered in support of its motion.

against any contractor making the improvement, *more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, . . . .*

M.C.L. § 600.5839(1) (emphasis added).

Based on plaintiffs' affidavit, United House used the church building on July 11, 1998, the date it conducted its inaugural church service. Plaintiffs sued J & M in May, 2005, more than six years after the date of occupancy. J & M says summary judgment in its favor is required based on the statute of repose.

### b. Plaintiffs' Response.

Plaintiffs say, as above, the statute of repose is extended by the aforementioned non-party notice rule and the MTRA. In its sur-reply brief, plaintiffs say the date of the first church service should not control the calculation of the statute of repose because (1) the statute protects contractors from *defects* in workmanship arising from an improvement to real property, and J & M did not make the improvement which it contracted to perform; (2) United House did not have an adequate Certificate of Occupancy as of January, 2003, was unable to accept the building as of that date, and that date should be the starting point for calculating the statute of repose; (3) J & M's notice of non-party fault adding Cement It prior to filing the motion to dismiss precludes the relief J & M requests in its motion; and (4) J & M should not benefit from the repose statute when they were undiscoverable due to allegedly illegal, undisclosed subcontracting.

### c. J & M's Reply.

J & M says the tort reform act's provision granting plaintiffs 91 days to file an amended complaint upon receiving notice of a non-party at fault does not extend the statute of repose beyond six years. J & M says plaintiffs misstate the definition of "improvement to real property" in the statute of repose. J & M says adopting plaintiffs argument would render the statute of repose irrelevant, as a party could always assert that the offending work did not constitute the improvement that was contracted for, thus avoiding the statute of repose. J & M says courts have rejected parsing every activity of an offending contractor to determine whether a particular act or omission is an improvement to real property. *Pendzsu v. Beazer East, Inc.,* 219 Mich.App. 405, 409, 557 N.W.2d 127 (1996). Instead, J & M says the statute of repose protects contractors from stale claims whether the allegation is that particular work was done improperly or not at all.

As to plaintiffs' alleged lack of a Certificate of Occupancy, J & M says the document on which plaintiffs rely is unauthenticated and that it is irrelevant because the statute of repose is triggered by acceptance, occupation or use, which ever occurs first. *Male v. Mayotte Crouse & D'Haene Architects, Inc.,* 163 Mich.App. 165, 169, 413 N.W.2d 698 (1987) Therefore, J & M argues that summary judgment is appropriate because plaintiffs used the building on July 11, 1998.

### d. Resolution.

■ The statute of repose is clear and unambiguous and applies despite the possibility of an inequitable result. Black's Law Dictionary defines the term "statute of repose" as follows: "a statute that bars a suit a fixed number of years after the defendant acts in some way (as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered any injury." BLACK'S LAW DICTIONARY 1423 (7th ed.1999). Plaintiffs admit that the first church service occurred more than six years before J & M was added as a defendant, thus the statute of repose bars plaintiffs' claims against J & M. The lack of a Certificate of Occupancy does not change the result, as use of the building

triggers the tolling of the statute of repose, and plaintiffs' affidavit confirms the date of first use. J & M's filing of a notice of non-party fault as to Cement It also does not change the result, as J & M was required to file such a notice within 91 days after filing its first responsive pleading. M.C.R. 2.112(K)(3). J & M's compliance with this rule does not preclude it from subsequently invoking the statute of repose.

Unlike the statute of limitations, the Court has not found a single case discussing whether the filing of a notice of non-party fault permits a plaintiff to add a defendant beyond the statute of repose. A notice of non-party fault appears to serve two purposes: (1) put a plaintiff on notice of additional parties to add as a defendant, if possible; and (2) put the Court on notice of additional parties possibly at fault so the fact finder can attribute the comparative negligence of all parties. *See e.g., Auito v. Clarkston Creek Golf Club, Inc.,* 2004 WL 1254193 (Mich.App., June 8, 2004) (a defendant who settles with the plaintiff can still be included at trial as a non-party at fault); *K–Mart Corp. v. Logan,* 2003 WL 21583385 (Mich.App., July 10, 2003). The statute of repose does not permit both purposes to be served in all cases.

■ The Court is troubled that one defendant's delay, whether intentional or otherwise, can assist another potential defendant in escaping liability, particularly when the proffered reason J & M remained unknown to plaintiffs was allegedly prohibited subcontracting of certain duties, a possible breach of contract. However, the purpose of the repose statute "is to protect . . . contractors from stale claims and to eliminate open-ended liability for defects in workmanship." *Abbott v. John E. Green Co.,* 233 Mich.App. 194, 199, 592 N.W.2d 96 (1998). The statute of repose places an outer limit on the discovery rule's extension of the statute of limitations in limited cases. This is one such case.

## C. Conclusion.

For the reasons stated above, J & M's motion for summary judgment is GRANTED.[11] J & M is dismissed from this case.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.

### I. Introduction.[1]

This is a negligence case arising out of a construction contract for a church building. Plaintiffs United House of Prayer for All People and St. Paul Fire & Marine Insurance Company (plaintiffs) have sued numerous contractors for damages arising out of a fire at the church building. In February, 2006, the Court entered a Decision and Order[2] granting defendant J & M Asphalt Paving Company's (J & M) motion for summary judgment on the grounds that the plaintiffs' amended complaint adding J & M as a defendant violated the statute of repose. The statute of repose places a six year time limit on actions against contractors for improvements to real property from the date of occupancy. M.C.L. § 600.5839(1). J & M's argument that the complaint violated the regular three year statute of limitations for negligence actions, M.C.L. § 600.5805(10), was rejected because the parties had complied with the notice of non-party fault rule,

---

11. In its reply to plaintiffs' sur-reply, J & M requested attorney fees from plaintiffs for making it respond to new arguments when the information requested by the court, the date of the first church service, did not support its position. The request is denied.

1. Plaintiffs request oral argument on the motion. The request is denied.

2. A more detailed recitation of the facts is in this decision and order.

M.C.R. 2.112(K)(3), and the Michigan Tort Reform Act (MTRA), M.C.L. § 600.2957(2). The MTRA permits the addition of parties outside the normal limitations period if the action against the original party was filed timely.

Plaintiffs filed a timely motion for reconsideration.[3]

## II. Analysis.

### A.

Plaintiffs cite a recent opinion by the Michigan Supreme Court holding that the six year statute of repose for actions against architects, engineers, and contractors overrides the more general statute of limitations for such actions, thus adopting a six year statute of limitations for these claims. *Ostroth v. Warren Regency, G.P., L.L.C.,* 474 Mich. 36, 709 N.W.2d 589 (2006). Essentially the statute is one of repose and limitation.

Plaintiffs make two arguments in their motion for reconsideration. First, plaintiffs say *Ostroth* requires that the Court recalculate the statute of limitations, as the three year statute of limitations no longer applies to this action. Instead, the statute of limitations for all actions against contractors is six years from the date of occupancy, use, or acceptance of improvements. M.C.L. § 600.5805(14) (which references the statute of repose as the statute of limitation). Plaintiffs say the Court's conclusion in its previous consideration of the statute of limitations issue would not change, as the Court already determined that the MTRA extended the statute of limitations to permit plaintiffs' claims against J & M.

Second, plaintiffs say *Ostroth* means that the statute of repose is not what it purports to be in some instances. Plaintiffs say *Ostroth* holds that where a claim accrues within six years of the date of occupancy, the statute of repose is a statute of limitations. Plaintiffs also cite *O'Brien v. Hazelet & Erdal,* which held that the statute of repose "acts as a statute of limitations" for actions accruing within six years of occupancy, use, or acceptance of the completed work, but that a claim never existed if the injury is sustained more than six years from such occupancy, use or acceptance. 410 Mich. 1, 15, 299 N.W.2d 336 (1980) Plaintiffs say since their claims accrued within six years of first use of the building, the statute of repose acts as a statute of limitations and is subject to limitations-lengthening mechanisms like the MTRA. Plaintiffs say the six year limit is a "period of limitation" subject to the MTRA which extends the time period for filing claims against entities named as nonparties at fault under *Ostroth* and *O'Brien.* Plaintiffs say their compliance with the MTRA should permit the claims against J & M to survive the statute of repose just as it did the statute of limitations as described in the February, 2006, Decision and Order.

### B.

While the statute of repose may function as a statute of limitations in some cases, that does not mean it is a "period of limitation" subject to the MTRA. *Ostroth* dealt with a plaintiff who filed a malpractice suit against an architect just over two years after the occupancy, use or acceptance of the improvement designed by the architect. Though the suit violated the typical malpractice statute of limitations of two years, the *Ostroth* court found that a specific statute of limitations for actions

---

**3.** Defendant Jaco Construction Services (Jaco) filed an identical motion for reconsideration, even though it was not involved with the original motion. Jaco appears to have filed the motion because it has an indemnity claim against J & M. Because the motions are identical, this opinion will refer only to the plaintiffs' motion.

against architects, engineers and contractors, M.C.L. § 600.5805(14), referred to M.C.L. § 600.5839(1), the six year statute of repose. The *Ostroth* court concluded that the six year statute of repose is also the statute of limitations for all claims against architects, engineers, and contractors regardless of the basis of relief, thus the plaintiff's suit survived. Survival of the *Ostroth* plaintiff's claim did not, however, depend on the application of the MTRA or otherwise implicate the repose function of the statute of repose.

Unlike the present case, *O'Brien* dealt only with claims that accrued after the six year statute of repose had expired.[4] Here plaintiffs' claims accrued early in the six year period. In a footnote, the *O'Brien* court recognized that for "a plaintiff whose injury occurred and whose right of action thus vested shortly before expiration of the six-year period, the statute arguably might deny due process by failing to afford a reasonable time within which suit may be brought," but refused to consider this scenario because the court had no such case before it. 410 Mich. at 15 n. 18, 299 N.W.2d 336. Implicit in this footnote is the recognition that the statute of repose bars claims that accrue within the six year if they are brought beyond the six year limit. Thus, while the statute of repose *acts* like a statute of limitations, it is still a statute of repose.

Unlike normal limitations periods that are only statutes of limitation, the six year period in this case is also a statute of repose. Unlike a statute of limitation, a statute of repose is not subject to the discovery rule or another non-fixed means of tolling a limitation period. What *Ostroth* did was clarify the statute of limitations for cases against architects, engineers, and contractors. That clarification

gave life to certain cases regardless of what statute of limitations was typically applicable to the claim as long as a plaintiff sued within six years of the date of occupancy, use, or acceptance of improvement.

The inaugural church service was held in the building on July 11, 1998. Plaintiffs sued J & M in May, 2005, almost seven years later. The statute of repose bars plaintiffs' claims against J & M.

### III. Conclusion.

Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

---

4. *O'Brien* dealt primarily with whether the statute of repose violated the due process rights of individuals harmed more than six years after occupancy, use or acceptance of improvements, who were barred from suing at all.