*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FEDERATED MUTUAL INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

CORLIN BUILDERS, INC, SGT, LTD 1, doing
business as SORENSON GROSS COMPANY, and
ALLIANCE ONE FIRE PROTECTION, INC,

        Defendants-Appellees.

UNPUBLISHED
July 20, 2023

No. 362868
Genesee Circuit Court
LC No. 21-116302-CB

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Federated Mutual Insurance Company, appeals as of right the trial court's order granting summary disposition in favor of defendants, Corlin Builders, Inc.; SGT Ltd. 1, doing business as Sorenson Gross Company (Sorenson); and Alliance One Fire Protection, Inc. In dismissing plaintiff's claims, the trial court reasoned that they were barred by the six-year statute of repose in MCL 600.5839(1)(a). On appeal, plaintiff argues that its claims were not barred by the statute of repose in MCL 600.5839(1)(a) because plaintiff's claims accrued within the period of repose. We conclude that, under the plain language of MCL 600.5839, plaintiff needed to commence its action within the applicable period of repose. Because plaintiff did not file this action until the period of repose expired, we affirm.

## I. BACKGROUND

Most of the underlying facts in this case are undisputed. Sorenson and Corlin were hired as general contractors for the construction of the Fenton Cornerstone Condominium (the Building), and completed construction of the Building in April 2015. Sorenson and Corlin subcontracted with Alliance One to design and install the Building's fire-protection system.

The first floor of the Building houses retail units, while the upper two floors are residential. Sawyer Jewelers, Inc. operated a jewelry store in one of the retail units on the first floor. On January 31, 2019, pipes that were part of the Building's fire-protection system burst, causing over

$200,000 in damages to Sawyer's property. Plaintiff insured Sawyer, and paid $222,493.27 to cover the damage.

On October 6, 2021, plaintiff brought the instant action as Sawyer's subrogee. Plaintiff's complaint alleged one count of negligence against Sorenson and Corlin, asserting that they improperly designed, constructed, or inspected the Building's fire-suppression system, causing $222,493.27 in damage to Sawyer's property. In a separate count, plaintiff alleged a nearly identical claim against Alliance One.

On April 27, 2022, Sorenson moved for summary disposition under MCR 2.116(C)(7) and (8). Sorenson argued that, because "[i]t is undisputed that construction was completed, and acceptance took place in April 2015," plaintiff's complaint filed in October 2021 was barred by the six-year statute of repose in MCL 600.5839(1)(a). Alliance One and Corlin concurred in Sorenson's motion.

In response, plaintiff argued that, because its claim "vested" within the six-year statute of repose in MCL 600.5839, that statue did not bar its claim. Rather, according to plaintiff, because its claim vested before the statute of repose expired, the statute of repose did not apply, and plaintiff only needed to commence its action within the three-year statute of limitations applicable to its claims. Plaintiff explained that the statute of limitations applicable to its claims did not expire until January 2022, meaning that plaintiff's claims were not time-barred.

After a hearing on defendants' motion, the trial court granted summary disposition in favor of defendants. The court reasoned that "the statute of limitations . . . is subject to the statute of repose," and because plaintiff failed to file its complaint within the time provided in the statute of repose, plaintiff's complaint was barred regardless of the fact that it was filed within the applicable statute of limitations.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Michigan Assn of Home Builders v City of Troy*, 504 Mich 204, 211; 934 NW2d 713 (2019). The trial court granted summary disposition to defendants on the ground that plaintiff's claim was barred by the statute of repose in MCL 600.5839(1)(a). "Summary disposition is properly granted under MCR 2.116(C)(7) when the plaintiff's complaint is barred by the applicable statute of limitations or repose." *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). As this Court recently explained in *McLain v Roman Catholic Diocese of Lansing*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 360163, 360173); slip op at 3:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the

question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [Quotation marks and citation omitted.]

The parties' dispute also raises questions of statutory interpretation, which are reviewed de novo. *Farris v McKaig*, 324 Mich App 349, 352-353; 920 NW2d 377 (2018).

## III. ANALYSIS

Plaintiff's argument boils down to a contention that the statute of repose in MCL 600.5839 is satisfied so long as the plaintiff's claim accrues within the period of repose. This argument, however, is irreconcilable with the plain language of MCL 600.5839. That statute provides in relevant part:

> (1) A person shall not maintain an action to recover damages for injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of an improvement to real property, or an action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, *unless the action is commenced* within either of the following periods:

> (a) Six years after the time of occupancy of the completed improvement, use, or acceptance of the improvement. [MCL 600.5839(1)(a) (emphasis added).[1]]

Based on the plain language of MCL 600.5839(1), plaintiff was required to commence its action within the applicable statutory period. It is not enough under the statute that plaintiff's claim accrued during the period of repose because the plain language requires that "the action [be] commenced" within that time. This is consistent with this Court's recent explanation that "a statute of repose is a deadline by which an action must be commenced. Separate and apart from the applicable statute of limitations or any extension of it by the discovery rule, it establishes an outside deadline by which an action must be filed." *Compagner v Burch*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359699); slip op at 10. This effectively dispenses with plaintiff's argument on appeal, but we will briefly address plaintiff's remaining argument.

Plaintiff contends that the only way to reach this opinion's conclusion is to apply MCL 600.5839 "as a period of limitations" and "ignore the actual period of limitations in section 5805." This assertion is simply untrue. As explained in *Compagner*, the statute of repose is a condition that must be satisfied "[s]eparate and apart from the applicable statute of limitations . . . ." *Compagner*, ___ Mich App at ____; slip op at 10. This is consistent with MCL 600.5805(14). MCL 600.5805 provides numerous limitations periods (the parties agree that the three-year period of limitation in subsection (2) applies to plaintiff's claims), and subsection (14) states, "The

---

[1] MCL 600.5839(1)(b) extends the period of repose up to 10 years under certain circumstances not applicable to this case.

-3-

periods of limitation under this section are subject to any applicable period of repose established in section 5838a, 5838b, or 5839." Based on this language, for plaintiff's claim to be timely, it must satisfy both the statute of limitations and the "period of repose" in MCL 600.5839. Accord *Mayor of City of Lansing v Michigan Pub Serv Comm'n*, 470 Mich 154, 160; 680 NW2d 840 (2004), superseded by statute on other grounds in MCL 247.183 (explaining that, when one subsection of a statute is "subject to" another subsection, "both subsections are applicable"). It is uncontested that plaintiff's action was filed beyond the applicable period of repose in MCL 600.5839(1)(a), so the trial court properly granted summary disposition to defendants regardless of whether plaintiff filed its action within the applicable statute of limitations.

Plaintiff insists that this conclusion fails to give effect to changes that the Legislature made to MCL 600.5805(14) starting in 2011. Prior to 2011, MCL 600.5805(14) stated, "The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be *as provided in* section 5839." MCL 600.5805(14) as amended by 2002 PA 715 (emphasis added). After 2011, the Legislature amended MCL 600.5805(14) several times so that it now reads, "The periods of limitation under this section *are subject to* any applicable period of repose established in section 5838a, 5838b, or 5839." MCL 600.5805(14), as amended by 2018 PA 183 (emphasis added). See also 2011 PA 163; 2012 PA 582. Plaintiff contends that, by changing the text of MCL 600.5805(14) from stating that the statute of limitations for claims like plaintiff's is "provided in section 5839" to stating that the statute of limitations is "subject to" the period of repose in MCL 600.5839, the Legislature demonstrated its intent "to preclude section 600.5839 from operating as a statute of limitations."

While we agree with plaintiff's bottom-line conclusion that this amendment clarified that MCL 600.5839 is not a statute of limitations, plaintiff misunderstands the significance of this conclusion. Prior to the 2011 amendments to MCL 600.5805(14), our Supreme Court interpreted the interplay between MCL 600.5805(14) and MCL 600.5839 as MCL 600.5839 acting as both a statute of limitations and a statute of repose because that was plainly what MCL 600.5805(14) stated. See *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 44-45; 709 NW2d 589 (2006), superseded by statute in MCL 600.5805. As plaintiff correctly asserts, however, by changing the language of MCL 600.5805(14) to say that "[t]he periods of limitations" stated in MCL 600.5805 are "subject to" the statute of repose in MCL 600.5839, MCL 600.5805(14) now makes clear that MCL 600.5839 is strictly a statute of repose. The effect of this, however, is to merely limit the potential length of the statute of limitations. Under the old MCL 600.5805(14), a litigant like plaintiff could have up to six years after their claim accrued to bring a cause of action. Under the current version of MCL 600.5805(14), a litigant like plaintiff must always bring their cause of action within three years of when it accrued. Under either version of MCL 600.5805(14), however, a litigant like plaintiff was required to satisfy the statute of repose in MCL 600.5839. For the reasons already explained, plaintiff failed to satisfy MCL 600.5839(1)(a) because it commenced this action after the six-year period of repose expired.[2]

---

[2] Plaintiff makes a number of other arguments on appeal, but only two are worth addressing. First, plaintiff points out that our Supreme Court in *O'Brien v Hazelet & Erdal*, 410 Mich 1, 15 n 18; 299 NW2d 336 (1980), recognized that applying the statute of repose in MCL 600.5839 to a

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

---

plaintiff whose claim did not accrue until shortly before the period of repose expired may raise due process concerns. Yet, *O'Brien* declined to give an "opinion as to the proper resolution of such a case," *id*., and, regardless, plaintiff does not argue that applying the statute of repose in this case—where plaintiff's claim accrued well over a year before the period of repose expired—raises due process concerns.

Second, plaintiff contends that MCL 600.5839 cannot bar plaintiff's claims because a statue of repose cannot extinguish a remedy. In support of this argument, plaintiff relies on another footnote from *O'Brien* in which our Supreme Court quoted a case from the New Jersey Supreme Court that stated, "(The statute) does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising." *O'Brien*, 410 Mich at 15 n 19, quoting *Rosenberg v Town of N Bergen*, 61 NJ 190, 199; 293 A2d 662 (1972). In context, however, it is clear that *Rosenberg*'s statement as quoted by *O'Brien* was addressing the application of a statute of repose to a cause of action that did not accrue until after the period of repose expired. In contrast, at issue in this case is whether a statute of repose may bar an action that accrued before—but was not filed until after—the period of repose expired. Our conclusion that, in this situation, the statute of repose bars plaintiff's claim is consistent with *O'Brien*:

> For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever accruing. [*O'Brien*, 410 Mich at 15.]